408 A.2d 1153

**Minnie SAKS and Edward Saks, her husband, Appellants,**

v.

**JEANES HOSPITAL.**

**Minnie SAKS and Edward Saks, her husband, Appellants,**

v.

**William Y. INOUYE, M.D., Vererando G. Jaurigue, M.D., Richard H. Driscoll, M.D.**

**Minnie SAKS and Edward Saks, her husband, Appellants,**

v.

**WIN HTIN CHU, M.D.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Aug. 31, 1979.

Petition for Allowance of Appeal Denied Jan. 4, 1980.

quate. We also do not determine whether the complaint states other causes of action beyond promissory estoppel.

Albert S. Fein, Philadelphia, for appellants.

Thomas E. Byrne, Philadelphia, for appellee Jeanes Hospital.

Before PRICE, SPAETH and LIPEZ, JJ.

PER CURIAM:

Since this case arose before the effective date of Pa.R.Civ.P., No. 4019(i), it was within the discretion of the trial judge to permit the expert witness to testify despite the fact that appellee had not included the witness's name in its answer to an interrogatory propounded by appellants. *See Nissley v. Pennsylvania R.R. Co.,* 435 Pa. 503, 259 A.2d 451 (1969); *Moore v. Howard P. Foley Co.,* 235 Pa.Super.

580

310, 340 A.2d 519 (1975); *see also Gill v. McGraw Electric Co.*, 264 Pa.Super. 368, 399 A.2d 1094 (1979). The trial judge did not abuse his discretion in allowing the witness to testify. Appellee's failure was not willful; appellants were informed before trial that the witness would be called; and the trial judge's offer of a one day continuance so that the qualifications of the witness could be investigated was refused by appellants' counsel.

Affirmed.