421 A.2d 703

**Agnes D. NOWOSIELSKI and Edward E. Nowosielski, her husband, Appellants,**

**v.**

**Genevieve A. KRYZOSIAK.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed Aug. 29, 1980.

Reargument Denied Oct. 31, 1980.

Petition for Allowance of Appeal Denied Feb. 27, 1981.

244

H. Fred Mercer, Pittsburgh, for appellants.

John A. Robb, Jr., Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court should have barred appellee's medical witness from testifying at trial because appellee failed to include a copy of the witness'

medical report in her pretrial statement, as required by a local rule of court. We disagree and, accordingly, affirm the judgment of the lower court.

Appellants–plaintiffs brought this action in trespass to recover for personal injuries which plaintiff Agnes Nowosielski allegedly sustained in an automobile collision with appellee–defendant. Throughout these proceedings defendant has admitted her negligence in the incident, but has contended that her negligence did not cause the injuries for which plaintiffs seek to recover. At trial defendant called as a witness Dr. Thomas C. Long, a physician who had examined Mrs. Nowosielski on three separate occasions within five weeks following the accident. Dr. Long's testimony strongly suggested that Mrs. Nowosielski's injuries could not have occurred in the automobile collision involving defendant. The jury returned a verdict in favor of the defendant, and the lower court subsequently denied plaintiffs' motion for a new trial. This appeal followed.

Rule 212 VI. C. 1. c. of the Rules of Civil Procedure of the Allegheny County Court of Common Pleas provides that before trial the defendant "[s]hall serve upon all other parties a written statement containing . . . medical reports of any . . . doctor who treated, examined, or was consulted in connection with the injuries complained of and who may be called as a witness." Rule 212 VI. E. of the Allegheny County Rules of Civil Procedure provides that "[w]itnesses . . . whose reports have not been furnished under . . . [Rule 212] VI. C. 1. c. . . . will not, under any circumstances whatsoever, be permitted to testify at the subsequent trial of the case." In the present case defendant failed to include in her pre–trial statement a copy of the notes which Dr. Long had taken during each of Agnes Nowosielski's office visits.[1] Accordingly, contend plaintiffs, the lower court committed reversible error in allowing Dr. Long to testify at trial.

1. Throughout these proceedings the parties have treated these notes as constituting Dr. Long's medical report, as we now do for purposes of this appeal.

"To preclude . . . testimony is a drastic sanction, and if it is not necessary under the facts of the case, an abuse of discretion may be found." *Gill v. McGraw Electric Co.*, 264 Pa.Super. 368, 383, 399 A.2d 1095, 1102 (1979). Thus, notwithstanding the clear language of Rule 212 VI. E. barring "under any circumstances whatsoever" the testimony of witnesses whose reports have not been furnished as required, we must determine whether such a sanction would have been appropriate under the facts of this case.

In *Gill v. McGraw Electric Co., supra,* this Court was called upon to decide whether the appellee's violation of a pretrial order requiring disclosure of the names and opinions of expert witnesses constituted grounds for the exclusion of the witnesses' testimony. We noted the following basic considerations which should be taken into account in such situations:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court and (4) bad faith of [*sic*] willfulness in failing to comply with the court's order."

*Id.,* 264 Pa.Super. at 382, 399 A.2d at 1102 (quoting *Meyers v. Pennypack Woods Home Ownership Association,* 559 F.2d 894, 904–05 (3d Cir. 1977)). Applying these considerations to the facts of *Gill,* we held that the appellee's expert witnesses should not have been permitted to testify. Essential to our decision was the extent to which the appellee's actions had prejudiced the appellants. Our review of the record revealed "[n]othing [to] suggest[ ] any ability on appellants' part to discover before trial either the identity of the witnesses or the substance of their opinions." *Id.,* 264 Pa.Super. at 382, 399 A.2d at 1102. We noted further that

> appellee's conduct–both its violation of the pre–trial conference order and its failure to give counsel a copy of the laboratory report–was prejudicial to appellants, for it put appellants in the position of being unable to offer effec-

tive rebuttal—or any rebuttal—of appellee's experts. Appellee's conduct was especially prejudicial to appellants in view of the fact that appellants had offered only a video-tape deposition of their expert. It is hardly surprising that the jury rejected the opinion expressed on video-tape, given the contrary opinion expressed by two experts who testified in person, and who were unrebutted.

*Id.,* 264 Pa.Super. at 383, 399 A.2d at 1103.

Courts have deemed proper the exclusion of testimony in other cases involving extreme prejudice and surprise to litigants. *See, e. g., Nissley v. Pennsylvania Railroad Co.,* 435 Pa. 503, 259 A.2d 451 (1969) (where plaintiff refused to answer interrogatory relating to expert witness it was error to permit witness to testify); *Moore v. H.P. Foley Co.,* 235 Pa.Super. 310, 340 A.2d 519 (1975) (same). *But see Saks v. Jeanes Hospital,* 268 Pa.Super. 578, 408 A.2d 1153 (1979) (although appellee failed to include witness' name in answer to interrogatory, court did not abuse discretion in permitting witness to testify where appellee's failure was not willful, appellants were informed before trial that witness would be called, and trial judge offered appellants continuance to investigate witness' qualifications.

Our review of the present case reveals that defendant's failure to include in her pre–trial statement a copy of Dr. Long's report was of minimal prejudice to plaintiffs. Dr. Long had served as Mrs. Nowosielski's own physician; accordingly, plaintiffs, unlike the appellants in *Gill v. McGraw Electric Co., supra,* were well aware that he was a prospective witness. Moreover, defendant clearly indicated in her pre–trial statement that she might call Dr. Long as a witness at trial.[2] Additionally, nothing in the record suggests that plaintiffs were unable to discover the substance of Dr. Long's opinions, as was the case in *Gill, supra.* Plain-

2. Defendant's pre–trial statement indicated that defendant might call as witnesses "[a]ny or all persons named as medical . . . witnesses in any pleadings filed in this case, including depositions, interrogatories etc." Plaintiffs have named Dr. Long as one of the physicians who had rendered service to them in connection with the accident underlying this case.

tiffs and defendant apparently had equal access to the records of the clinic where Dr. Long had examined Mrs. Nowosielski. Finally, the record shows that defendant provided plaintiffs with a copy of Dr. Long's notes at the trial. If plaintiffs needed extra time to study these notes, they could have sought a continuance for that purpose. They chose not to do so. Viewing all these facts together, we conclude that defendant's violation of Rule 212 VI. C. 1. c. does not warrant imposition of the "drastic sanction" of excluding Dr. Long's testimony. *Gill, supra,* 264 Pa.Super. at 382, 399 A.2d at 1102. Accordingly, we affirm the judgment of the lower court.

Judgment affirmed.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

In *Gill v. McGraw Electric Co.,* 264 Pa.Super. 368, 399 A.2d 1094 (1979), this court was confronted with a case involving a violation of a pre–trial conference order entered pursuant to Pa.R.Civ.P., No. 212. That rule did not provide any specific mandatory sanction for violation of an order; the sanction to be imposed was within the discretion of the trial judge. Accordingly, in *Gill,* this court discussed some of the factors that a trial judge should consider before exercising his discretion to impose the drastic sanction of excluding a witness from testifying. *And see Saks v. Jeanes Hospital,* 268 Pa.Super. 578, 408 A.2d 1153 (1979) (as case arose before effective date of Rule 4019(i), sanction was discretionary).

In the present case, however, the Allegheny County Local Rule specifically provides that "[w]itnesses ... whose reports have not been furnished ... will not, under any circumstances whatsoever, be permitted to testify at the subsequent trial of the case." Thus, the sanction of excluding the witness's testimony was not discretionary, as in *Gill,* but mandatory, required in all cases and "under any circumstances whatsoever." *Gill,* therefore, is inapposite, and by relying on it, the majority has rewritten the local rule and transformed a mandatory sanction into a discretionary one.

In my opinion we should not rewrite the rule but should require the lower court to apply it as the lower court has written it. Since here the lower court failed to apply its own rule, its judgment should be reversed and appellants granted a new trial.