428 A.2d 646

**John R. VERBALIS, Appellant,**

v.

**Anthony C. VERBALIS.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed April 20, 1981.

John R. Verbalis, Plymouth, appellant, in pro. per.

Thomas Rozycki, Wilkes-Barre, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

In this case the appellant, who is an attorney-at-law, commenced an action in replevin against his brother, as executor of their deceased mother's estate. Throughout these proceedings appellant has acted as his own counsel. Appellee filed a timely answer to the complaint and on the same date gave notice of taking appellant's deposition. Appellant was also served with a subpoena to appear for depositions and on September 20, 1979, he moved for a protective order under Pa.R.C.P. 4012. A hearing was held on the motion before Toole, Jr., J. On October 9, 1979, appellant filed a motion for judgment on the pleadings alleging, *inter alia,* fraud, misrepresentation, deceit and "arrogant violation of the law and rules of court."

A hearing was held before Judge Toole on the motion for protective order on October 10, 1979. On the same day Judge Toole entered an order denying the motion and directed appellant to "appear for discovery" at the law offices of appellee's attorney on October 19, 1979, and "to testify at that time concerning the legal title claimed in the replevin action filed to this number, and to bring with him any records or evidence he may have of said title, or any hospital records or evidence he may have verifying the alleged illness set forth in said complaint." The order also stated "It is also understood that this order in no way is to delay resolution of any other issues presently before any of the courts of this county."

Appellant appeared for the taking of the deposition at the time and place directed although he stated he had not been served with a copy of the court's order of October 10, 1979. Counsel for appellee then handed a copy of the order to appellant. Although present for the taking of the deposition and aware of the court's order of October 10, 1979, the appellant refused to be deposed. At the deposition he stated "the deponent believes that the hearing fixed for today is not in order, and that the rules and the law provides [sic] an exclusive remedy for the opposing party . . . In any event, if depositions are in order with respect to the issues raised

here, they would properly exist after a decision, following argument on my motion for a judgment on the pleadings."

Counsel for appellee moved for sanctions pursuant to Pa.R.C.P. 4019 because of appellant's refusal to be deposed in accordance with the court's order.[1] A hearing was held before Judge Toole on November 29, 1979, at which appellant was present and testified. Again, appellant told the court that he would not be deposed. On the date of the hearing the court entered an order granting judgment of non pros in the replevin action pursuant to the Pennsylvania Rules of Civil Procedure because of appellant's refusal to be deposed in accordance with the court's order of October 10, 1979.[2] Appellant has appealed to this court from the order of November 29, 1979.

There are various sanctions that the court may impose under Pa.R.C.P. 4019(c) including punishment for contempt, entry of a default judgment or judgment of non pros. Judgment of non pros is a severe penalty and should not be lightly entered. In *Spilove v. Cross Transportation, Inc.*, 223 Pa.Super. 143, 297 A.2d 155 (1972) judgment by default was entered for failure to comply with a sanction order directing the defendant to answer interrogatories.

Sanctions may be imposed under Pa.R.C.P. 4019(a)(1)(viii), as amended, and effective April 16, 1979, if a party fails to make discovery or to obey an order of court respecting discovery. There is no requirement today, as

1. Pa.R.C.P. 4019 provides:
   (a)(1) The court may, on motion, make an appropriate order if (viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

2. Pa.R.C.P. 4019(c)(3) provides:
   (c) The court, when acting under subdivision (a) of this rule, may make
   (3) an order striking out pleading or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience; . . .

existed formerly, that the failure to obey be willful.[3]   In this case, however, appellant, who is a lawyer, refused to be deposed and so stated at both the depositions and before the court on the hearing on the motion for sanctions.   Undoubtedly, appellant had reasons which appeared to him to be valid for refusing to comply with a direct order of the court, but in so doing he ran a grave risk that sanctions would be entered against him, including punishment for contempt of court or judgment of non pros.   Having made a deliberate decision to disregard the order of October 10, 1979, pertaining to discovery appellant has now suffered a judgment of non pros properly entered by the court below under Pa.R. C.P. 4019(c)(3).

Order affirmed.

---

**3.**  Formerly, the authority to direct a sanction under Pa.R.C.P. 4019(a)(2) against the party arose where such "party . . . after notice under Rule 4007, *willfully fails to appear* before the person who is to take his deposition . . ." (emphasis added).   *See Rapoport v. Sirott,* 418 Pa. 50, 209 A.2d 421 (1965).