453 A.2d 18

**Wade G. SHEHADY and Wade G. Shehady, Jr., d/b/a Rack of Lamb Restaurant, Appellants,**

v.

**The PITTSBURGH POST–GAZETTE, A Corporation and Geoffrey Tomb, An individual.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1982.

Filed Nov. 30, 1982.

Donald W. Bebenek, Pittsburgh, for appellants.

Eric P. Reif, Pittsburgh, for Post-Gazette, appellee.

James C. Kuhn, Pittsburgh, Tomb, appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

PER CURIAM:

On December 29, 1977, appellants Wade G. Shehady and Wade G. Shehady, Jr., individually and d./b/a Rack of Lamb Restaurant, filed an action in trespass against appellees Pittsburgh Post Gazette and Geoffrey Tomb, alleging the publication of a defamatory statement concerning appellants' restaurant. Discovery proceeded from March 7, 1978, until the case was set for trial. Discovery was completed in October, 1980. On or about December 4, 1980, appellees filed a motion to compel the production of documents in advance of trial, which was denied. Jury selection began on December 8, 1980. However, due to a death in the family of appellants' attorney, the trial was continued until May, 1981.

On December 15, 1980, counsel for the Post-Gazette directed a letter to appellants' attorney requesting the production of detailed financial records concerning appellants' restaurant. By letter of December 30, 1980, counsel for the Post-Gazette notified appellants' counsel that he intended to present a motion to compel these financial records on January 8, 1981. At this time, appellants' individual counsel of record was out of the City. However, an associate of the law firm representing appellants (whose name did not yet appear on the letterhead) wrote the following letter to counsel for the Post-Gazette:

"This letter is to confirm our conversation of January 8, 1981 wherein we agreed that plaintiffs had no objection to the motion to produce, provided we were given 30 days from January 8, 1981 to comply with the court's order."

On January 9, 1981, Judge Farino of the Court of Common Pleas of Allegheny County executed an Order compelling appellants to make available for inspection and copying by counsel for the Post-Gazette the detailed financial records requested.

On March 6, 1981, Judge Wettick executed an Order requiring appellants to produce all of the documents encompassed by Judge Farino's Order of January 9, 1981, on or before March 16, 1981. Subsequently, on March 27, 1981, Judge Wettick executed an Order ". . . that plaintiffs' action be dismissed with prejudice unless there is full compliance with Judge Farino's court order (with any modifications) within 5 days after decision on the petition to reconsider."

On April 6, 1981, appellants presented a petition to Judge Farino requesting that he reconsider his previous Order of January 9, 1981, which was denied.

On April 14, 1981, counsel for appellees presented a motion to Judge Silvestri requesting that appellants' complaint be dismissed, with prejudice, pursuant to Judge Wettick's Order of March 27, 1981, as a result of the failure of appellants to comply with Judge Farino's Order of January 9, 1981. The attorneys for the respective parties testified, under oath, concerning this matter. Counsel for appellees testified that the appellants had complied with the production of all documents set forth in the Order of January 9, 1981, with the exception of the restaurant's 1980 tax return and the cash receipts journal, disbursement journal and general ledger for the Rack of Lamb Restaurant for the period of February, 1980 through December, 1980. Counsel for appellants testified that the tax return for 1980 had not yet been finalized (basically due to the fact that the federal government did not require it to be finalized until midnight of the following day) and that, due to the fact that the restaurant was a "family business", the cash receipts journal, disbursement journal and general ledger for the Rack of Lamb Restaurant for the period of February, 1980 through December, 1980, had not yet been finally prepared or tran-

scribed from the day-to-day check stubs, sales receipts, etc., of the business.

Following the testimony, Judge Silvestri concluded that there had been noncompliance with the prior orders of court. Accordingly, without further consideration, Judge Silvestri dismissed the complaint, with prejudice, as required by Judge Wettick's Order of March 27, 1981.[1]

On appeal, appellants contend that the lower court abused its discretion in dismissing the complaint, pursuant to Pennsylvania Rule of Civil Procedure 4019, with prejudice, for their failure to produce documents which did not exist at that time. Appellants argue that they substantially complied with the Order of January 9, 1981 by producing voluminous records of the business, including all tax returns through 1979 and all ledgers and journals which had been prepared through January, 1980.[2] Appellees respond that, as a result of the 1978 Amendment to Pa.R.C.P. 4019, the moving party seeking sanctions is not required to prove a willful disregard or disobedience of a discovery order, only

1. Judge Silvestri concluded that he did not have ". . . the authority to revoke or modify . . ." Judge Wettick's Order of March 27, 1981. He, therefore, ". . . enforced it by dismissing the plaintiffs' action." Judge Silvestri stated "I could forgive the non-production of the final tax return. I cannot forgive the daily sheets and disbursements." At the hearing on April 14, 1981, in attempting to explain why the requested documents had not yet been transcribed, counsel for appellants explained that these records were normally prepared by the wife of Wade G. Shehady, Jr. and that, as a result of a domestic problem, the wife had not prepared the record for the period of February, 1980 through December, 1980. Judge Silvestri concluded that appellants should have produced whatever record was in existence concerning the receipts and disbursements of the business, even if a journal or ledger had not actually been prepared. We note, however, that there is other support in the record to the effect that these records were previously prepared by the wife of Wade G. Shehady, Jr., including the deposition of Mr. Shehady. The fact that Mr. Shehady's wife prepared the ledger and the journal entries was also referred to in the letter of December 15, 1980 from counsel for the Post-Gazette, which requested the production of the documents at issue.

2. Appellants cite our recent decision in *Royster v. McGowen Ford, Inc.,* 294 Pa.Super. 160, 439 A.2d 799 (1982), which concerned the timing of disclosure of expert witnesses and opinions prior to trial.

noncompliance. Compare *Pompa v. Hojancki,* 445 Pa. 42, 281 A.2d 886 (1971); *Gonzales v. Procaccio Brothers Trucking Company,* 268 Pa.Super. 245, 407 A.2d 1338 (1979). Under Pennsylvania Rule of Civil Procedure 4019(a)(1)(vii), sanctions may be imposed if "... a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested." Thus, as a result of the Amendments to Pa.R.C.P. 4019, which became effective April 16, 1979, "There is no requirement today, as existed formerly, that the failure to obey be willful." *Verbalis v. Verbalis,* 286 Pa.Super. 209, 211–12, 428 A.2d 646, 647 (1981).

We reverse.

As a result of the Amendments to Pa.R.C.P. 4019(a), which deleted the word "willfully", "the court may impose sanctions even if the failure is not willful. Willfulness of course may be a factor in determining the extent of the sanction but it will not be an essential condition precedent to the power to impose a sanction." (Explanatory Note—1978 to Pa.R.C.P. to 4019).[3]

█ To some extent, a party's attempt to comply, in good faith, with the discovery rules or a discovery order is a factor to be considered under Rule 4019. *Royster,* supra, 294 Pa.Superior at 168–69, 439 A.2d at 804–5; *Lewis v. Reid,* 244 Pa.Super. 76, 366 A.2d 923, 928 (1976); *Gill v. McGraw Electric Company,* 264 Pa.Super. 368, 399 A.2d 1095, 1102 (1979). Also, the extent to which the moving party has been prejudiced by the failure to produce must be considered in formulating an appropriate sanction order. *Gill,* supra, 264 Pa.Superior Ct.

---

**3.** Pa.R.C.P. No. 4019(c) states that when, as in this case, a party has failed to comply with a court order issued pursuant to Pa.R.C.P. No. 4019(a), the court "may" impose sanctions against the non-complying party. Thus, the language of Rule 4019(c) is permissive, not obligatory. Furthermore, Pa.R.C.P. 4019(c)(5) provides that the court "*may* make such order with regard to the failure to make discovery as is *just.*" (Emphasis added). Therefore, under Rule 4019(c) the court is empowered to consider the equities of the case and, in its discretion, make any order it deems appropriate in the circumstances.

382, 399 A.2d at 1102; *Nowosielski v. Kryzosiak,* 280 Pa.Super. 243, 247, 421 A.2d 703, 705 (1980).

"Judgment of non pros is a severe penalty and should not be lightly entered." *Verbalis,* supra, 286 Pa.Superior Ct. 211, 428 A.2d at 647; *Gonzales,* supra, 268 Pa.Superior Ct. 251–53, 407 A.2d at 1341.

The lower court's order of April 14, 1981, merely concludes that appellants did not comply with the order of January 9, 1981. Judge Silvestri concluded that he was ". . . merely enforcing the order of Judge Wettick, which provides for automatic dismissal." Judge Wettick, in turn, was merely enforcing the previous order of Judge Farino.[4]

Due to the fact that the lower court did not consider the factors enumerated in this Opinion in determining what sanction should be imposed upon appellants, we reverse and remand to the jurisdiction of the lower court for further proceedings consistent with this Opinion.[5]

We also note our understanding with the three trial judges who participated in this matter. Judge Wettick and

4. It is apparent from the record that Judge Wettick refused to question the underlying basis of Judge Farino's Order of January 9, 1981. Judge Wettick's Order of March 27, 1981 specifically refers appellants to Judge Farino for a reconsideration of his previous order of court. Due to the fact that there is no record of the proceedings before Judge Farino on January 9, 1981, or on April 6, 1981, and due to the fact that there is no record of any proceedings before Judge Wettick on March 6, 1981 and March 27, 1981, it is unclear whether appellants were required to produce the raw receipts and checks, rather than the finalized ledger and journals themselves, as Judge Silvestri concluded.

5. It is most unfortunate, that a death occurred in the family of appellants' individual counsel. It is also unfortunate that appellants' individual counsel was out of town when the order of January 9, 1981 was entered. We note that appellees did not comply with Pa.R.C.P. 4009(b)(2), since they did not allow appellants 30 days to respond to the request for the production of documents contained in the letter of December 15, 1980, prior to the presentation of the order of court to Judge Farino on January 8, 1981. However, appellants never filed objections to the request for production of the documents, nor did appellants move for a protective order pursuant to Pa.R.C.P. 4012, presumably because Judge Farino would not reconsider the initial Order.

Judge Silvestri properly deferred to the prior orders of their colleagues. However, the fact that appellants were never given an opportunity to object to the relevancy of the discovery or the burden and expense of producing the documents must also be considered as a factor in determining whether appellants attempted to comply, in good faith, with the order of January 9, 1981.

Reversed and remanded to the jurisdiction of the lower court for further proceedings consistent with this Opinion.