465 A.2d 3

**Ralph GIACCO and Magdaline Giacco, his wife, Appellants**

v.

**Anthony PAMPENA and Mary Pampena, his wife, and Vincenzo Pampena and Antoinette Pampena, his wife, and Salvator Ortenzo and Connie Ortenzo, his wife, and Rita Denne.**

Superior Court of Pennsylvania.

Argued March 30, 1983.

Filed Aug. 12, 1983.

Girard N. Evashavik, Pittsburgh, for appellants.

Harvey E. Robins, Pittsburgh, for appellees.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This is an appeal from the judgment dismissing appellants' exceptions to the chancellor's adjudication below. Appellants contend that the court below erred in permitting the testimony of an expert witness. We disagree with appellants and, accordingly, affirm the order below.

On October 29, 1976, appellants brought suit in equity seeking an injunction and damages. They alleged that

appellees had and were conducting activities (i.e., the addition of fill to appellees' land) which caused destruction of a wall constructed around the perimeter of appellants' land. Appellees answered by denying appellants' theory of destruction and asserting, inter alia, that the damage was caused by appellants' poor construction of the wall.

On September 13, 1979, pre-trial statements were filed by both parties. Appellees' statement notified appellants that an engineer would testify as to the collapse of the wall and survey of the property, but did not include the identity of the expert or his report.

Trial began on October 30, 1979. Appellants included in their case the testimony of four experts. Appellees began their presentation of evidence on the second day of trial, and presented their expert to testify as to the collapse of the wall.

Appellants objected to such testimony because the expert was not listed by name in appellees' pre-trial statement and his report was not attached thereto. Appellees stated that the expert would testify only as to what was stated in their answer. The chancellor allowed him to testify while granting appellants the opportunity to present additional counter evidence if they felt it necessary to do so. Also, appellees amended their pre-trial statement and submitted their expert's report to appellants before the third and final day of testimony. Appellees' expert testified on the third day and gave his opinion as a geotechnical engineer as to the technical causation of the damage to the wall.

An adjudication was made on March 3, 1980 against appellants based on all the evidence submitted at the trial. Appellants' exceptions to this adjudication were dismissed and this appeal followed.

Appellants first contend that Local Rule 212 of Allegheny County mandated the exclusion of appellees' expert witness. Rule 212 provides in relevant part as follows:

Witnesses whose identities have not been revealed ... or whose reports have not been furnished ... will not under

any circumstances whatsoever, be permitted to testify at the subsequent trial of the case. Local Rule 212 IV. E. The names and addresses of persons who may be called as witnesses, classifying them as liability or damage witnesses.... The reports of any expert whose opinion will be offered in evidence at the time of trial. Such reports shall include the findings of fact and conclusions of the expert. Local Rule 212 VI. B.I. a., d.

We agree that the sanction does appear to be mandatory on its face, but this court has held that its application is discretionary with a trial court. *Nowosielski v. Kryzosiak,* 280 Pa.Super. 243, 421 A.2d 703 (1980); see *Sindler v. Goldman,* 309 Pa.Super. 7, 454 A.2d 1054 (1982). Appellants, however, argue alternatively that if application of the sanction is discretionary, then the court below abused its discretion in not applying it.

In *Nowosielski,* citing the case of *Gill v. McGraw Electric Co.,* 264 Pa.Super. 368, 399 A.2d 1095 (1979) (involving a violation of a pre-trial conference order), we noted the following basic considerations which the court should take into account in such situations:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court and (4) bad faith of [sic] willfulness in failing to comply with the court's order.

*Id.,* 264 Pa.Superior Ct. at 382, 399 A.2d at 1102.[1]

Although appellees stated to the chancellor that their expert's testimony would testify only as to what was stated

1. As did the court in *Sindler,* supra., we find Judge Spaeth's dissenting opinion in *Nowosielski* very persuasive. There, after concluding that *Gill,* supra., was not necessarily controlling, he stated:

Thus, the sanction of excluding the witness's testimony was not discretionary, as in *Gill,* but mandatory, required in all cases and "under any circumstances whatsoever." *Gill,* therefore, is inapposite, and by relying on it, the majority has rewritten the local rule and transformed a mandatory sanction into a discretionary one....

in their answer, we find that his detailed, technical opinion and theories went beyond appellee's contention in their answer that appellants had constructed the wall poorly. Certainly, appellants were prejudiced to some extent by the expert's testimony when they were unaware until trial of his identity or the substance of his report.

However, we also find that appellants' had numerous opportunities prior to and during the trial to minimize any prejudice resulting from the admission of appellees' expert's testimony.[2] Appellants were notified in appellees' pre-trial statement, yet, in the month and a half interval between this notification and trial, they apparently made no inquiry of appellees as to the expert's identity. Such an inquiry could have been made by written interrogatories pursuant to Pa.R.C.P. 4005.[3] A failure to answer such an inquiry would then have been subject to sanctions under Pa.R.C.P. 4019.

Also, appellants made no attempt to use any of their own four experts for rebuttal purposes despite the opportunity given them by the chancellor to present counter evidence. There is nothing on the record which would explain this omission except a bald assertion that appellants' experts were no longer available. Furthermore, appellants were provided a copy of appellees' expert's report at the trial. If they or their experts needed more time to study the report,

[W]e should not rewrite the rule but should require the lower court to apply it as the lower court has written it. Since here the lower court failed to apply its own rule, its judgment should be reversed and appellants granted a new trial.

*Nowosielski,* 280 Pa.Superior Ct. at 248–9, 421 A.2d at 706.

However, we are bound by precedent to treat the sanction as being discretionary.

2. The importance of a party's ability to minimize any prejudice it may suffer was emphasized in *Nowosielski,* supra.

3. Pa.R.C.P. 4003.5 which specifically governs the discovery of expert testimony was not effective until 1979. It thus would not have been applicable in this case since this action was instituted in 1976 and procedural rights are determined by the law in force when the action is initiated. See, *Trinity Area School District v. Dickson,* 223 Pa.Super. 546, 302 A.2d 481 (1973).

they could have requested a continuance pursuant to Pa.R. C.P. 216; appellants chose not to do so.[4]

"Viewing all these facts together, we conclude that [appellees'] violation of [Rule 212 VI. B.I. a., d.] does not warrant imposition of the drastic sanction of excluding [appellees' expert's] testimony." *Nowosielski*, 280 Pa.Superior Ct. at 248, 421 A.2d at 706.

Accordingly, we affirm the judgment of the court below.

---

**4.** Appellants state in their brief that the chancellor would not grant them a continuance. However, appellants do not refer us to the place in the record of such a refusal, nor does our examination of the record reveal such a request for and refusal of a continuance.