478 A.2d 845

Edward ROMAN and Catherine Roman, H/W

v.

Robert S. PEARLSTEIN, t/a Empire Realty and Allen J. Goldstein, Ronald Rapp and Jeanette Rapp, H/W and Tom Dunphy, Inc.

Appeal of Robert S. PEARLSTEIN, t/a Empire Realty.

Superior Court of Pennsylvania.

Argued Nov. 15, 1983.

Filed June 22, 1984.

394

Manuel A. Spigler, Philadelphia, for appellant.

Neil A. Morris, Philadelphia, for Roman, appellees.

Lloyd Norris, Philadelphia, for Rapp, appellees.

Macker Duffy, Jr., Philadelphia, for Dunphy, appellee.

Before SPAETH, P.J., and BROSKY and HOFFMAN, JJ.

SPAETH, President Judge:

This is an appeal from an order imposing sanctions for refusal to make discovery. The sanctions were that appellant must pay appellees' counsel a fee of $500, and that appellant is "preclud[ed] ... from introducing any evidence and examining any witnesses at the trial." We find the order reasonable as to the counsel fee but, in the circumstances, otherwise too severe. We therefore reverse so that the court may impose a more appropriate sanction.

Appellees' complaint alleges that appellant "entered into an unlawful and fraudulent conspiracy" to induce appellees into purchasing a termite infested house. Amended Complaint in Trespass and Assumpsit at ¶ 44. On July 23, 1981, appellees filed a motion to compel appellant to produce his income tax returns for the years 1978, '79, and '80, and to answer certain interrogatories relating to his financial condition. Appellees argued that this information was relevant to their claim for punitive damages. Appellant argued that he did not have to produce the tax returns or answer the interrogatories because appellees had not made a prima

facie showing that punitive damages should be awarded. The trial court found that appellees had "surpassed the threshold of a prima facie showing of entitlement to punitive damages", slip op. of trial court at 13, and on October 29, 1981, issued an order granting appellees' motion to compel the discovery. The order provided that appellant "shall provide the above within twenty (20) days from the date of this Order. Failure to comply with this Order will result in sanctions upon application to the Court."

Appellant failed to comply with the order but on November 17, 1981, filed a motion for reconsideration and requested oral argument. The trial court issued a rule to show cause, returnable December 22. When appellant failed to appear for argument on December 22, the trial court, relying on the submitted memoranda of counsel, issued an order on January 7, 1982, denying appellant's motion for reconsideration and reinstating the order of October 29. Again the court warned that "failure to comply ... will result in sanctions upon application to the Court."

Once again appellant did not comply with the order. Instead, on January 27, 1982, he filed a "Petition to Set Aside" the order, claiming that the trial court had denied reconsideration merely because his counsel did not appear for argument, and requesting a rescheduling of oral argument and a decision on the merits of the motion for reconsideration. Appellees filed an answer to appellant's petition, including in the answer a section entitled "New Matter",[1] which amounted to an application for sanctions. Appellant filed an objection to the application. On March 16, 1982, the trial court dismissed appellant's petition to set aside and granted appellees' application for sanctions:

AND NOW, this 16th day of March, 1982, it is hereby,
ORDERED AND DECREED that:

---

1. Appellees' answer is not included in the certified record. However, both parties and the trial court agree as to the contents, and a copy is included in the reproduced record. The same is true of appellant's objection to appellees' new matter.

1. Defendant Robert S. Pearlstein's, t/a Empire Realty Petition to Set Aside Order of January 7, 1982 reinstating the Court's Order of October 29, 1981 is DENIED as being frivolous, dilatory and totally without merit;

2. Because of defendant Pearlstein's repeated violations of this Court's discovery orders, an order is entered against defendant Robert S. Pearlstein precluding him from introducing any evidence and examining any witnesses at the trial of this matter, pursuant to Pa.R.C.P. 4019(c)(2);

3. Defendant Pearlstein shall pay to plaintiffs' counsel, Neil A. Morris, Esquire, the sum of $500, which constitutes reasonable attorney's fees and expenses incurred relative to the defendant's dialtory [sic] conduct;

4. Defendant Pearlstein shall comply with this Court's Order of October 29, 1981 within ten (10) days from the date of this Order. Failure to comply with this Order for any reason will result in the imposition of a default judgment against defendant Pearlstein upon application to the Court. Defendant Pearlstein is to file no more Motions for Reconsideration relative to this Court's Order, dated October 29, 1981.

The court also denied appellant's objection to appellees' application for sanctions as moot since appellant's petition to set aside had been denied. Appellant appeals from those parts of the court's order imposing counsel fees and precluding appellant from introducing evidence and examining witnesses.[2]

2. Appellees argue that the appeal is interlocutory and should be quashed, but the argument is without merit. *Commonwealth, Department of Environmental Resources v. Wheeling Pittsburgh Steel Corp.*, 473 Pa. 432, 375 A.2d 320, 323 (1977) cert. denied 434 U.S. 969, 98 S.Ct. 514, 54 L.Ed.2d 456: ("The refusal to allow evidence of a 'possibly meritorious defense puts [appellant] out of court and, therefore, the order is 'final' for appeal purpose."). We do not consider the propriety of the trial court's order of October 29, 1981, compelling discovery, *Kine v. Forman*, 412 Pa. 163, 194 A.2d 175 (1963) (appeal from order directing discovery interlocutory), or the propriety of that part of the trial court's March 16, 1982, order denying appellant's petition to set aside the order of January 7, 1982.

■ Appellant argues that before entering the March 16th order, the trial court should have ruled on appellant's objection to appellees' application for sanctions, contained in appellees' answer as new matter. Appellant's objection was that the application should have been by motion rather than in new matter. Although, as noted, the trial court denied the objection as moot, the court by granting the application for sanctions in effect determined that the new matter was a sufficient motion: "Precluding plaintiffs from requesting the imposition of sanctions because the request was entitled 'New Matter' rather than 'Motion' or 'Cross-Motion', would be tantamount to preferring form over substance." Slip op. of trial court at 20. We agree with this statement.

■ Appellant also argues that "Rule 4019(a)(2) provides that the failure to act pursuant to a discovery request *will* be excused if 'appropriate objections' have been filed." Brief for Appellant at 23 (emphasis added). Appellant misstates the rule, which provides:

A failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order. Pa.R.C.P. 4019(a)(2).

Thus the court *may* excuse the failure to respond to a discovery request *if* the court finds the objection "appropriate". Here the court determined that appellant's objection to discovery was not appropriate.

Finally, appellant argues that the order imposing sanctions was an abuse of discretion.

■ In *Gonzales v. Procaccio Brothers Trucking Co.,* 268 Pa.Super. 245, 407 A.2d 1338 (1979), this court held:

Pa.R.C.P. No. 4019 is clear. It establishes an unequivocal and mandatory procedure. Where [a party fails to comply with a discovery request] a motion must be presented to the court to determine the default. *Hanchey v. Elliott Truck Brokerage Company,* 421 Pa. 131, 135, 218 A.2d 743, 745 (1966). Upon finding that a default has oc-

curred, "the court may ... make an appropriate order." Subdivision (c) of Pa.R.C.P. No. 4019 amplifies the scheme of the rule by designating specific sanction orders which may be appropriate under particular circumstances. The imposition of specific sanctions, however, is largely within the discretion of the court. *Pompa v. Hojnacki*, 445 Pa. 42, 45, 281 A.2d 886, 888 (1971). See also: 10 Goodrich-Amram 2d § 4019(a):2.1, 3.1; 5A Anderson Pennsylvania Civil Practice § 4019.2. *Id.*, 268 Pa.Superior Ct. at 251, 407 A.2d at 1341.

The court may impose sanctions even if the failure to comply is not wilful. "Wilfullness of course may be a factor in determining the extent of the sanction but it will not be an essential condition precedent to the power to impose a sanction." Explanatory Note—1978 to Pa.R.C.P. 4019.

 Here, the trial court determined that extreme sanctions were necessary because appellant's failure to comply was in bad faith. Slip op. of trial court at 19. We have no difficulty in agreeing that appellant's failure to comply was willful. That sufficiently appears from appellant's conduct following the trial court's determination in October that appellant's objection to appellees' discovery request was meritless. As this court stated in *Verbalis v. Verbalis*, 286 Pa.Super. 209, 428 A.2d 646 (1981), where the extreme sanction of non pros was upheld:

> Undoubtedly, appellant had reasons which appeared to him to be valid for refusing to comply with a direct order of the court, but in so doing he ran a grave risk that sanctions would be entered against him, including punishment for contempt of court or judgment of non pros. Having made a deliberate decision to disregard the order of October 10, 1979, pertaining to discovery appellant has now suffered a judgment of non pros properly entered by the court below under Pa.R.C.P. 4019(c)(3). *Id.*, 286 Pa. Superior Ct. at 212, 428 A.2d at 647.

Also, we have no difficulty in concluding that the trial court's order imposing counsel fees was not an abuse of

discretion. Instead of obeying the October order, appellant delayed the action by challenging the order twice, on the basis of an objection already found meritless by the court. However, we are unable to approve the court's precluding appellant from introducing evidence and examining witnesses.

The trial court characterized appellant's behavior as "dilatory, obdurate, vexatious and in bad faith." Slip op. of trial court at 25. Nevertheless, as we said in *Gonzales v. Procaccio Brothers Trucking Co., supra:*

> Pa.R.C.P. No. 4019 envisions a procedure by which the court, when confronted with a failure [to comply with a discovery request], will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although relevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties. *Id.,* 268 Pa.Super. at 252, 407 A.2d at 1341.

Here the discovery requested related not to liability but solely to damages. It was therefore disproportionate to punish appellant by, in effect, imposing liability on him despite the fact that his liability had not been proved, and the further fact that the discovery requested would not assist in proving it. It would seem that a more appropriate sanction would have been one that would have the effect of obtaining the discovery requested, so that if appellees did prove liability, their ability to prove damages would not be hindered. For example, the court might have found appellant in contempt and ordered that he be fined or imprisoned

until the discovery requested had been made. *See Commonwealth ex rel. Novack v. Novack,* 310 Pa.Super. 112, 456 A.2d 208 (1983) (five step procedure for civil contempt). However this may be, we are confident that on remand the court can devise a more appropriate sanction than precluding appellant from introducing evidence and examining witnesses.

That part of the trial court's order imposing counsel fees is affirmed, but that part precluding appellant from introducing evidence and examining witnesses at trial is reversed, and the case is remanded to the trial court for imposition of a more appropriate sanction consistent with this opinion. Jurisdiction is relinquished.