**Hogan v. Pampena**

420

*Christopher Lepore,* for plaintiff.
*Louis C. Long,* for defendants.
*Linda L. Pretz,* for additional defendant.

WETTICK, *A.J.*, April 29, 1986 — An apartment building owned by defendants was damaged by a fire. Plaintiff, a tenant in the unit where the fire started, sued defendants for losses arising out of the fire. Plaintiff's complaint alleges that defendants breached their duty to maintain the apartment unit in a habitable condition by their failure to install an adequate fire protection system and by their failure to provide adequate electrical wiring. Defendants joined J. C. Penney Company Inc., as an additional defendant. The third-party complaint (which includes a claim for the costs of repairing the apartment building) alleges that a defective stereo which plaintiff had purchased from J. C. Penney caused the fire.

Shortly after the fire occurred, defendants obtained possession of the stereo. Defendants then retained an engineer to examine the stereo and the wiring in the apartment unit where the fire originated. On the basis of his examination, the engineer concluded that it was not possible to identify the make of this stereo or to determine exactly what caused the fire but that the stereo was the source of the ignition of the fire.

Approximately one year after this examination, J. C. Penney requested defendants to produce this stereo for inspection. Defendants have advised J. C. Penney and this court that they cannot locate the stereo.

J. C. Penney has filed a motion for sanctions in which it requests that defendants be precluded from presenting the testimony of the engineer who conducted the examination for defendants because of defendants' failure to produce the stereo. Defendants oppose this motion on two grounds. First, they contend that they cannot be compelled to produce an item that is not in their possession, custody, or control. Second, they contend that an order of court prohibiting their expert's testimony is an inappropriate sanction even if they would be considered to be in violation of a court order compelling discovery.[1]

Under Pa.R.C.P. 4009, a court may order a party to produce for inspection any property in the possession, custody or control of that party. Thus, defendants contend that this court may compel them to produce the stereo only if it is presently in defendants' possession, custody, or control. We reject this contention because we conclude that rule 4009 imposes upon a party the responsibility to take reasonable steps to preserve evidence which that party

---

1. Defendants also contend that at this stage of the proceedings this court cannot impose any sanctions because defendants are not yet in violation of a court order requiring them to produce the stereo. However, since defendants state that they will not be able to produce the stereo, we will not require J. C. Penney to obtain a court order with which defendants admittedly cannot comply before we will consider the imposition of sanctions. Moreover, the court order that we enter will provide relief to J. C. Penney only if defendants fail to produce the stereo.

seeks to describe at trial for inspection by other parties. A major purpose for discovery is to place the parties on an even footing (*Nissley v. Pennsylvania Railroad Company*, 435 Pa. 503, 259 A.2d 451 (1969); *Nebel v. Jones-Kapp & Joyce Inc.*, 132 P.L.J. 262 (1984)), so we will not permit a party to avoid rule 4009 by its failure to take reasonable steps to protect evidence which that party will be introducing at trial. See *Puritan Insurance Company v. Superior Court*, 217 Cal. Rptr. 602 (Court of Appeals, 3rd District, 1985). Thus, this court will issue an order directing defendants to produce the stereo in order that J. C. Penney may seek sanctions for defendants' failure to produce the stereo.[2]

At this time, we will also consider the sanctions that should be imposed for defendants' failure to comply with this court order because defendants have already advised this court that they are unable to produce the stereo. Pa.R.C.P. 4019(a)(1)(vii) permits a court to make an appropriate order for sanctions if a party fails to comply with a request for production or inspection under rule 4009. The sanctions may include an order prohibiting the disobedient party from introducing in evidence designated documents, things, or testimony. Pa.R.C.P.

---

2. In this case, the stereo was lost inadvertently through the failure of defendants to take reasonable steps to preserve the evidence. Thus, this opinion covers only the situation in which evidence that all parties recognize as being important is lost through a party's negligence. This opinion does not necessarily require evidence to be preserved where the preservation of the evidence may interfere with a party's preparation of the case (e.g., destructive testing), where the preservation of the evidence would be costly or burdensome, where the preservation of the evidence may interfere with a party's making repairs or where a party reasonable believes that the evidence does not need to be preserved for trial.

4019(c)(2). Such sanctions may be imposed even if the failure to comply is not willful. *Roman v. Pearlstein,* 329 Pa. Super. 392, 478 A.2d 845, 848 (1984). But a party's good faith is a factor to be considered (along with the prejudice to the moving party) in formulating an appropriate sanction order. *Shehady v. Pittsburgh Post-Gazette,* 307 Pa. Super. 247, 453 A.2d 18, 20 (1982). In determining an appropriate sanction, the court shall make "such order with regard to the failure to make discovery as is just." Rule 4019(c)(5).

In the present case, defendants did not act in bad faith. Consequently, they should not be precluded from introducing relevant evidence in the absence of a clear showing that J. C. Penney will be prejudiced. At this stage of the proceedings, it is not apparent that the loss of the stereo will give a tactical advantage to defendants. In all likelihood defendants' engineer made factual findings and based his expert conclusions on these factual findings. We will not assume that the factual findings were inaccurate or insufficient unless an expert witness of J. C. Penney provides testimony that justifies this finding. Also, if the factual findings and conclusions of defendants' engineer, including his photographs, are made avialable to an expert retained by J. C. Penney, it is very possible that the expert retained by J. C. Penney will be in a position to make independent conclusions concerning the cause of the fire. Thus, until defendants' expert provides all facts gained and opinions formed from the inspection to J. C. Penney and until this court is shown why the furnishing of such information does not place J. C. Penney on a relatively equal footing, the imposition of the sanctions which J. C. Penney requests would be unfair.

J. C. Penney will be permitted to take the deposi-

tion of defendants' engineer to obtain the facts gained and opinions formed from his inspection. See Pa.R.C.P. 4003.5(a)(2). Also, because defendants failed to take reasonable steps to preserve the evidence that forms the basis of their expert's testimony, we will require defendants to make their expert available at their expense for a deposition pursuant to Pa.R.C.P. 4003.5(a)(3).

For these reasons, we enter the following

## ORDER

On this April 29, 1986, it is hereby ordered that:

(1) Within 30 days, defendants shall produce for inspection by J. C. Penney Company Inc., the stereo that is contended to be the cause of the fire.

(2) If defendants fail to comply with paragraph (1) of this order of court, defendants shall within 60 days make available to Dr. Howard B. Hamilton for a deposition by J. C. Penney Company Inc., at defendants' expense.

(3) J. C. Penney Company Inc.'s motion for sanctions is otherwise denied without prejudice to J. C. Penney Company Inc., to seek additional sanctions consistent with the opinion that accompanies this order of court.