## McManus v. Chubb Group of Insurance Companies

*Allen L. Feingold,* for plaintiff.
*Arthur M. Toensmeier,* for defendant.

GOLDMAN, *J.,* December 24, 1986 — Plaintiff, Joanne McManus, began this action on July 31, 1980, to recover for injuries that she sustained in an automobile accident in April 1977. Defendant, Chubb Group of Insurance Companies, at the time of plaintiff's accident carried an automobile insurance policy under which plaintiff's father, Bernard McManus, was the named insured. Defendant sought by means of discovery to obtain information concerning any insurance coverage plaintiff had on the vehicle she was driving and any insurance cov-

erage held by the driver of the other vehicle involved in the accident.

Plaintiff, by her attorney, Allen Feingold, replied to defendant's inquiries in a dilatory and evasive manner. As a result, defendant sought and was granted, during the period November 1981, through September 1982, six orders directing plaintiff to provide full and complete discovery. Throughout that period, this court exercised forbearance despite plaintiff's frustrating tactics. Several requests by defendant to dismiss plaintiff's complaint were rejected. Nevertheless, on March 4, 1982, and on September 8, 1982, plaintiff was ordered to pay defendant $150 as expenses for seeking sanctions, pursuant to Pa.R.C.P. 4019(g)(1).

Plaintiff never obeyed the two orders directing her to pay a total of $300 in expenses. On October 27, 1982, defendant petitioned the court to find plaintiff in contempt. Plaintiff did not respond. On December 15, 1982, plaintiff was found to be in contempt. However, no penalty was imposed except an order that plaintiff pay another $150 to defendant for the expense of filing the petition. Plaintiff was directed to pay the accumulated expenses within 21 days, or face the sanction of having her complaint dismissed with prejudice.

She appealed the December 15, 1982, order to the Superior Court, which ultimately quashed the appeal. 342 Pa. Super. 405, 493 A.2d 84 (1985). Plaintiff still did not pay any of the $450 she had been ordered to pay. In March 1986, defendant wrote demanding that she comply with the orders. When she did not, defendant, on April 23, 1986, moved to have her complaint dismissed with prejudice, pursuant to the order of December 15, 1982, and Pa.R.C.P. 4019(a)(1)(viii) and (c)(3). In her answer, plaintiff acknowledged that she had not paid

the $450 and stated that she did not intend to do so. She did not claim that she was unable to pay the amount.

On November 18, 1986, the court dismissed plaintiff's complaint with prejudice.

## DISCUSSION

*Order of November 18, 1986*

Our Superior Court has held that sanctions imposed for failure to follow discovery rules must be appropriate in light of the offense; in other words, "the punishment must fit the crime." *Roman v. Pearlstein,* 329 Pa. Super. 392, 478 A.2d 845, 849 (1984); *Feingold v. Philadelphia National Bank,* 313 Pa. Super. 579, 460 A.2d 339, 342 (1983). Consistent with this mandate, we repeatedly denied defendant's requests that plaintiff's complaint be dismissed for failure to provide discovery. Instead, six orders were issued directing plaintiff to comply with discovery rules. No sanctions were imposed other than three orders directing plaintiff to pay $150 in expenses to defendant under rule 4019(g)(1).

Plaintiff's response to our forbearance was deliberately to flout the orders. She refused to pay the sums without claiming, much less proving, any inability to pay them. While she claimed that to pay the sums would somehow prejudice her appellate rights, she provided no authority for that contention, which is inconsistent with the Superior Court's opinion in this very case. *McManus,* 493 A.2d at 87.

If the sanctions authorized by Pa.R.C.P. 4019(g)(1) can be ignored with impunity, then that provision shall become but an empty threat. Faced with plaintiff's recalcitrant refusal to respond to our appropriate sanctions, we saw no option other than to apply the more drastic sanctions available.

Rule 4019(g)(1) does not specify any means by which a court may enforce payment of the expenses for which the rule provides. Under Pa.R.C.P. 4019(a)(1)(viii), a court has the authority to make an appropriate order whenever a party fails to obey any order respecting discovery. See Goodrich-Amram 4019(a):9.2. Under rule 4019(c)(3), a court is authorized to enter a judgment of non pros or a judgment by default against a disobedient party. The order of November 18, 1986, dismissing the complaint with prejudice, is analogous to those sanctions and is further authorized by rule 4019(c)(5). *Feingold,* 460 A.2d at 341.

In *Isenberger v. Schumann,* 34 D.&C.2d 315, (1964) aff'd per curiam, 415 Pa. 212, 203 A.2d 34 (1964), a situation similar to the case at bar was presented and the court entered a judgment by default. The *Isenberger* court concluded that when a party refuses to comply with a court order, a court must impose appropriate sanctions because, to permit a party to disregard an order of the court ". . . would totally destroy the effectiveness of the discovery procedure of our courts." Id. at 319. See *Spilove v. Cross Transportation Inc.* 223 Pa. Super. 143, 146, 297 A.2d 155 (1972) (refusal to open default judgment upheld where a party failed for seven months to answer interrogatories), *Verbalis v. Verbalis,* 286 Pa. Super. 209, 428 A.2d 646, 647 (1981) (party repeatedly refused to obey court orders that he submit to deposition; judgment of non pros upheld).

We considered taking the view that plaintiff should be permitted not to pay the rule 4019(g)(1) sanctions assessed until her case is finally disposed of on the merits and any appeal concluded. This view was rejected because the expenses charged to plaintiff have already been borne by defendant. De-

fendant should not have to wait years for reimbursement to which it is now entitled. Further, should plaintiff continue to refuse to pay, the costs of collecting such a modest sum of money might easily exceed the amount collected, rendering the orders for reimbursement illusory.

*Orders of March 4, September 8 and December 15, 1982*

Having discussed the justification for the order of November 18, 1986, dismissing plaintiff's complaint for failure to pay the $450, it is appropriate to explain the earlier orders which imposed those expenses on her. A review of the record discloses numerous efforts by plaintiff to resist discovery, beginning in July 1981. We address only the particular events giving rise to the $450 in sanctions.

On January 14, 1982, the court ordered plaintiff to produce copies of insurance policies covering the automobile she drove, policies the existence of which she had previously admitted, or else submit affidavits specifying who, if not she, possessed those policies. Her response was both late and incomplete, in that she merely named the alleged issuing company and gave a policy number. On February 4, 1982, defendant filed a motion for sanctions, seeking the identity of the named insured. On February 8, 1982, the court, by Judge Murphy, again ordered plaintiff to explain how she concluded that she was covered by an insurance policy while she simultaneously denied knowing who possessed the policy and who the named insured was. On February 16, 1982, her attorney again filed a reply which was incomplete. In view of plaintiff's incomplete and evasive, as well as tardy, responses, the court, on March 4, 1982, awarded defendant $150 in expenses pursuant to rule 4019(g)(1). The two-step

defendant $150 in expenses pursuant to rule 4019(g)(1). The two-step procedure mandated by that rule was satisfied and the sum awarded was reasonable.

On April 20, 1982, defendant moved for an order compelling answers to its interrogatories. On May 24, 1982, we granted the motion. By July 19, 1982, plaintiff still had not answered them so defendant moved for sanctions. Finally, on August 9, 1982, plaintiff filed her answers. Again, the two-step procedure mandated by rule 4019(g)(1) was satisfied and another $150 in expenses were awarded to defendant, on September 8, 1982.

As recounted earlier, plaintiff failed to pay the $300 taxed to her. In response to defendant's petition of October 27, 1982, plaintiff was directed to pay another $150 in expenses, pursuant to Pa.R.C.P. 4019(g)(1) and (c)(5). (order of December 15, 1982). While we are not aware of any other case in which (g)(1) sanctions have been employed to enforce an earlier (g)(1) order, we find that application to be authorized by the rules.

Plaintiff has argued that a court cannot simultaneously deny a party's repeated requests for a judgment of non pros and grant expenses. Under rule 4019, it is for the court, not the moving party, to determine what particular sanction is appropriate to enforce discovery orders. Defendant's suggested sanction, a judgment of non pros, was, until now, plainly too harsh and so was rejected.

## CONCLUSION

For these reasons, we dismissed plaintiff's complaint with prejudice.