460 A.2d 339

**Allen L. FEINGOLD, Appellant,**

v.

**The PHILADELPHIA NATIONAL BANK and Bankamerica Service Corp.**

Superior Court of Pennsylvania.

Argued May 25, 1982.

Filed May 13, 1983.

James L. Womer, Jr., Philadelphia, for appellant.

Anastasius Efstratiades, Philadelphia, for appellees.

Before BROSKY, WIEAND and BECK, JJ.

BROSKY, Judge:

This is an appeal from the order dismissing appellant's complaint with prejudice as a sanction for failure to obey a discovery order of the court below. Appellant contends that the imposition of this particular sanction was inappropriate, constituting an abuse of discretion by the lower court. We agree with appellant and, accordingly, reverse and remand.

On July 13, 1979, appellant filed a complaint against appellees, The Philadelphia National Bank (PNB) and Bankamerica Service Corporation. The complaint included four counts, one in assumpsit and three in trespass. Appellant alleged that appellees had stopped his credit privileges without notice and as a result he had suffered embarrassment, humiliation, and loss of business and goodwill. He averred that appellees' actions constituted fraudulent misrepresentations; intentional infliction of emotional distress; libel, including libel per se; and breach of contract.

After the close of the pleadings, appellant PNB filed interrogatories requesting, *inter alia*, the dates and places

of the alleged embarrassment, names of witnesses, and amount of financial loss. Appellant failed to answer the interrogatories within the required period and on November 5, 1979, PNB filed a motion for sanctions. As a result, on January 14, 1980, the court below ordered appellant to file answers within twenty days or suffer a judgment of non pros. Appellant answered the interrogatories on February 4, 1980, but did not include in his answers any names of witnesses or any amount or explanation of the alleged business and financial loss.[1] PNB filed a motion for sanctions suggesting the following alternative sanctions: that the court below (1) foreclose appellant from supporting his various claims for embarrassment, humiliation and lost business; (2) prohibit his offering testimony from any of the unnamed witnesses; and (3) dismiss the complaint with prejudice. On September 19, 1980, the lower court ordered appellant's complaint dismissed with prejudice. This appeal followed.

The imposition of sanctions is governed by Pa.R.C.P. 4019 which provides in relevant part the following:

Rule 4019. Sanctions

(a)(1) The Court may on Motion, make an appropriate order if

(i) a party fails to *serve answers, sufficient answers* or objection to written interrogatories under Rule 4005.... (Emphasis added)

---

**1.** For each of the alleged incidents in which appellant was denied credit, PNB made the following interrogatories and appellant answered as follows:

Question: "(e) The name and address of each person who witnessed the refusal of credit:"

Answer: "Plaintiff does not have the name and addresses of those people at present, but when they are obtained will be happy to supply them."

Question: "(h) If this event resulted in loss of business, (as described in paragraph 8 of the Complaint), describe the business loss, and state the name of each person from whom potential business was lost."

Answer: "None of the employees or individuals present have given business to or hired plaintiff and each individual would have to be consulted to see what business or employment they have failed to give as a result of the defendant's actions."

(viii) a party or person otherwise fails to make discovery to obey an order of court respecting discovery.

Rule 4019 further provides in subdivision (c) the following:

(c) The court, when acting under subdivision (a) of this rule, may make,

(1) an order that matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make discovery as is just.

Subdivision (i) of Pa.R.C.P. 4019 provides the following in full:

(i) a witness whose identity has not been revealed as provided in this chapter shall not be permitted to testify on behalf of the defaulting party the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

We recognize that the imposition of specific sanctions is largely within the discretion of the court. *Pompa v.*

*Hojnacki,* 445 Pa. 42, 281 A.2d 886 (1971). Appellant initially contends the court below abused that discretion because the dismissal of a complaint with prejudice is not contemplated by Rule 4019. However, Rule 4019 is not a limiting rule; it does not restrict the court to the particular sanctions listed. Goodrich-Amram § 4019:1 p. 515. We note that Rule 4019(c)(5) specifically allows the court to make "Such order with regard to the failure to make discovery as is just." We believe that the sanction of a dismissal of a complaint with prejudice is clearly encompassed by this "catch-all" provision.

Appellant further argues, however, that the imposition of such an extreme sanction in the instant case was not just. As hereinafter explained, we agree with this claim.

■ "Rule 4019 envisions a procedure by which the court will exercise judicial discretion in formulating an *appropriate* sanction order. This requires the court to 'select a punishment which fits the crime.' *Gonzales v. Procaccio Bros. Trucking Co.,* 268 Pa.Super. 245, 252, 407 A.2d 1338, 1341 (1979)." *Dunn v. Maislin Transport Limited,* 310 Pa.Super. 321, 325, 456 A.2d 632, 634 (1983). In *Gonzales,* this court, per Judge Wieand, stated that:

> Pa.R.C.P. 4019 envisions a procedure by which the court, when confronted with a failure or refusal to answer interrogatories, will exercise judicial discretion in formulating an appropriate sanction order. This requires the court to select a punishment which "fits the crime." If a written interrogatory asks for information which, although irrelevant, is not determinative of the entire controversy, a default judgment, which in effect is an adjudication of the merits, would seldom, if ever, be appropriate. Under such circumstances, it would be more appropriate to treat the default as an admission or to disallow proof at trial of such undisclosed information. The need to "fit the punishment to the crime" compels the exercise of judicial discretion. The court is required to strike a balance between the procedural need to move the case to

a prompt disposition and the substantive rights of the parties.

*Gonzales,* 268 Pa.Super. at 252, 407 A.2d at 1341.

■ In the instant case, appellant stated in his answers to the interrogatories that he did not have the name and address of each person who witnessed his refusal of credit although over nine months had passed since the last alleged incident. Also, he supplied no specific data with respect to his financial and business losses, but stated that the persons present at the incidents would have to be consulted to see what business they failed to give him. This answer certainly suggests that appellant has some knowledge of the identities of persons present at the alleged incidents.

The court below thus characterized appellant's responses as specious and evasive.[2] While we would not disagree with this characterization and believe appellant's answers merited sanctions under Rule 4019(a)(1)(i) or (a)(1)(viii), the questions remains whether the specific sanction imposed was an appropriate one.

We believe that the interrogatories asked for information' which, although relevant, was not determinative of the entire controversy. Therefore, a dismissal of the complaint with prejudice—the defendant's counterpart to a plaintiff's default judgment—would seldom if ever be appropriate. See *Gonzales,* supra. Although the lower court may have been correct when it stated in its opinion that appellant could not be expected to prove his lost business damages without testimony from witnesses, we find no reason why he could not testify himself as to his embarrassment and humiliation.

2. The lower court also stated that appellant "is an attorney with substantial experience in the field of torts ... [who] ... is too astute and experienced not to have obtained the names of the witnesses..." at the time of the incidents. Although these comments by the court seem somewhat speculative, even if they were accurate, we could not consider them since they set forth facts not of record. *McCaffrey v. Pittsburgh Athletic Assn.,* 448 Pa. 151, 293 A.2d 51 (1972). The opinion of the lower court is, of course, not part of the record. *Commonwealth v. Schwartz,* 267 Pa.Super. 170, 406 A.2d 573 (1979).

Furthermore, "we view the submission of suggested alternative sanctions by [PNB] as a recognition that an appropriate order might not require the extreme penalty imposed in this case." *Dunn,* supra. Clearly, had PNB's alternative sanctions of prohibiting appellant from offering testimony been imposed by the court, the discovery rule would have been properly enforced and appellees would have been properly protected as appellant pursued his claims. Indeed, this sanction is specifically provided for by Rule 4019(i).[3]

The purpose of Rule 4019 is to ensure compliance with proper orders of court and adequate and prompt discovery of matters allowed by the Rules of Civil Procedure. *Gonzales,* supra. The ultimate sanction of dismissing a complaint with prejudice, when viewed in light of the information sought by the instant interrogatories and the purpose of Rule 4019, constitutes an abuse of discretion. Accordingly, the order entered September 19, 1980, is reversed and the case remanded to the court below for further proceedings consistent with this opinion.

JURISDICTION RELINQUISHED.

---

**3.** We note, however, that on remand we are not limiting the court below to the imposition of this particular sanction; it may still impose any appropriate sanction it deems necessary, but not, of course, a dismissal of the complaint.