478 A.2d 889

**Catherine BRUNETTI,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 22, 1984.

Filed July 13, 1984.

478

Norman Hegge, Jr., Philadelphia, for appellant.

S. David Fineman, Philadelphia, for appellee.

Before CAVANAUGH, MONTEMURO and MONTGOM-ERY, JJ.

MONTGOMERY, Judge:

This appeal arises from an order precluding the Appellant from asserting a defense and presenting testimony on the issues of both liability and damages, as a sanction for failure to obey a discovery order of the lower court.[1] The Appellant contends that the imposition of this sanction was inappropriate and constituted an abuse of discretion by the lower court. We agree and reverse and remand.

The Plaintiff-Appellee, Catherine Brunetti, filed a Complaint in Trespass against the Defendant-Appellant, Southeastern Pennsylvania Transportation Authority, seeking damages for personal injuries sustained as a result of a train accident which occurred on October 16, 1979. On

---

**1.** We hold that the instant appeal is properly before us. Contrary to Appellee's assertion that the order in question is interlocutory and unappealable, an order which precludes a defendant from raising a possible total defense at trial is final and appealable. See *Pasternack v. American Casualty Company of Reading,* 421 Pa. 21, 218 A.2d 350 (1966). Moreover, we find that the order appealed from puts the Appellant "out of court" and is, therefore, an appealable order. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977).

November 18, 1980, the Appellee filed and served upon Appellant written interrogatories and a request for production of documents, with notice to answer the same within thirty (30) days. On November 21, 1980, counsel for Appellant notified Appellee's counsel that liability would not be contested, and that unless advised to the contrary, the Appellant did not plan to respond to the Appellee's requests. On July 14, 1981, the Appellee's counsel wrote to Appellant's counsel, making a settlement demand. In this letter, he indicated that if the case was not amicably settled, he would insist upon answers to the interrogatories and request for production of documents. Thereafter, on February 11, 1982, the Appellee filed a motion for sanctions against the Appellant as a result of its failure to answer the written interrogatories and produce the requested documents. On March 29, 1982, the lower court entered an order, requiring the Appellant to file answers to the interrogatories and produce for inspection and copying those documents requested within twenty (20) days of the Order.

The Appellant failed to comply with the March 29, 1982 Order and the Appellee filed a second motion for sanctions. On July 26, 1982, the lower court granted this motion and ordered that the Appellant was precluded from asserting a defense and presenting testimony on the issues of both liability and damages.

The imposition of sanctions is governed by Pennsylvania Rule of Civil Procedure 4019, which provides, in relevant parts:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under rule 4005;

\* \* \* \* \* \*

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that

inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

*　　*　　*　　*　　*　　*

(c) The court, when acting under subdivision (a) of this rule, may make

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make discovery as is just.

We recognize that the imposition of specific sanctions for failure to obey a discovery order is largely within the discretion of the court. *Feingold v. Philadelphia Nat. Bank*, 313 Pa.Super. 579, 460 A.2d 339 (1983). However, it is clear that in the exercise of judicial discretion in formulating an appropriate sanction order, the court is required to

select a punishment which "fits the crime". *Dunn v. Maislin Transport Ltd.*, 310 Pa.Super. 321, 456 A.2d 632 (1983); *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979). We believe the lower court abused its discretion in the circumstances of the instant case.

 In our review we find validity in the Appellant's contention that Appellee's interrogatories and request for production were directed to information relevant only to the issue of liability.[2] Because the Appellant indicated that it would not contest liability, it is clear that the Appellee has suffered no prejudice as a result of the failure to answer. The lower court is mandated to examine the issue of possible prejudice in such circumstances prior to issuing any order for sanctions. See *Shehady v. Pittsburgh Post-Gazette*, 307 Pa.Super. 247, 453 A.2d 18 (1982). In the instant case, we are constrained to find that the lower court's sanction order is unduly harsh and overbroad. While we do not condone Appellant's failure to obey the lower court's order and feel that some sanction is justified, we find that the imposition of a sanction which prohibits Appellant from presenting any testimony on the issue of damages is inappropriate when the information sought by Appellee clearly related solely to liability.

Reversed and remanded to the lower court for further proceedings consistent with this Opinion. Jurisdiction is not retained.

2. With regard to the interrogatories, numbers one through 4 sought the names and addresses of witnesses, 5 sought a description of the accident, 6 concerned the existence of reports, 7 and 8 dealt with witness statements, 9 and 10 inquired as to photographs, 11 sought insurance information and 12 asked the cause of the accident. The motion to produce was directed to similar subject matters.