553 A.2d 82

**PRIDE CONTRACTING, INC., Appellant,**

v.

**BIEHN CONSTRUCTION, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1988.

Filed Jan. 6, 1989.

Reargument Denied Feb. 14, 1989.

---

Ronald F. Brien, Spring City, for appellant.

Gary A. Rochestie, Philadelphia, for appellee.

Before ROWLEY, WIEAND and BECK, JJ.

WIEAND, Judge:

Pride Contracting, Inc. (Pride) has appealed from an order which dismissed with prejudice its third amended complaint against Biehn Construction, Inc. (Biehn) for failure to comply with a court order directing discovery. Pride contends that the trial court abused its discretion by imposing an unduly harsh sanction without a hearing. We disagree and affirm the order of the trial court.

Pride's complaint against Biehn contained averments that Biehn had failed to pay for work done by Pride and had dealt with Pride in bad faith. Biehn filed preliminary objections in the nature of a demurrer to the complaint, and these were sustained in part. Preliminary objections were also sustained to amended and second amended complaints. Finally, a third amended complaint was upheld against another set of preliminary objections, and Pride's action was allowed to proceed. Biehn thereafter served on Pride a set of interrogatories and requested the production of documents. Pride did not respond. Correspondence by Biehn's counsel regarding its requests was ignored. Finally, Biehn moved for sanctions, and the trial court ordered Pride to comply with Biehn's discovery requests within thirty (30) days. In response, Pride delivered to Biehn a mass of documents which were unlabeled and represented an incomplete response. The answers to interrogatories were illegibly written, inadequate, and evasive. Biehn filed a second request for sanctions, and following a conference involving the court and counsel, an order was entered directing Pride to comply with all discovery requests within

forty-five (45) days. In response, Pride delivered another stack of documents which, Biehn's attorney contended, were unlabeled and irrelevant. No further answers were filed to the defendant-appellee's interrogatories. Thereafter, a third motion for sanctions was filed and produced an order which dismissed the complaint with prejudice and directed the plaintiff-appellant to pay counsel fees incurred by Biehn in connection with the several motions for sanctions. On appeal, a panel of the Superior Court remanded to the trial court for a statement of reasons for its order. Contrary to the Court's operating procedures, the panel did not retain jurisdiction and declined to consider the appeal further. Therefore, a second appeal, following the filing of a memorandum opinion by the trial court, was filed and is now before a different panel for decision.

The imposition of sanctions for failing to comply with a court's discovery order is authorized by Pa.R.C.P. 4019(a). The sanctions permitted are enumerated in Rule 4019(c) as follows:

(c) The court, when acting under subdivision (a) of this rule, may make

(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a

refusal to submit to a physical or mental examination under Rule 4010;

(5) such order with regard to the failure to make discovery as is just.

The specific sanction to be imposed under this rule is a matter within the discretion of the trial court. *Hoffman v. Memorial Osteopathic Hospital*, 342 Pa.Super. 375, 385, 492 A.2d 1382, 1387 (1985). Although dismissal of the complaint with prejudice is not a sanction specifically provided for by the rule, the "catch-all" provision of Pa.R.C.P. 4019(c)(5) has been interpreted to include dismissal of the complaint with prejudice. *Feingold v. Philadelphia National Bank*, 313 Pa.Super. 579, 583, 460 A.2d 339, 341 (1983). In reviewing an order dismissing a complaint, an appellate court must be satisfied that the trial court selected a punishment appropriate for the violation. *Id.*, 313 Pa.Superior Ct. at 583, 460 A.2d at 341–342; *Brunetti v. Southeastern Pennsylvania Transportation Authority*, 329 Pa.Super. 477, 481–482, 478 A.2d 889, 891 (1984). "The court is required to strike a balance between the procedural need to move the case to a prompt disposition and the substantive rights of the parties." *Gonzales v. Procaccio Bros. Trucking Co.*, 268 Pa.Super. 245, 252, 407 A.2d 1338, 1341 (1979). The court must examine the party's failure to comply in light of the prejudice caused to the opposing party. *Brunetti v. Southeastern Pennsylvania Transportation Authority, supra* 329 Pa.Super. at 482, 478 A.2d at 891. Whether the failure to provide information represents a willful disregard of a court order is also a factor to be considered in fashioning the severity of the sanction. *Roman v. Pearlstein*, 329 Pa.Super. 392, 399, 478 A.2d 845, 848 (1984). See also: *Calderaio v. Ross*, 395 Pa. 196, 150 A.2d 110 (1959).

In the instant case, the trial court recited the factors it considered in dismissing Pride's action as follows:

(1) Appellant's repeated failure to comply with Appellee's discovery requests, (2) good faith efforts, if any, on the part of Appellant to comply with Appellee's requests, (3)

Appellant's disregard of our Orders concerning discovery, (4) the extent to which Appellee was prejudiced by Appellant's failure to comply with discovery requests and Orders, and (5) the various sanctions set forth by Rule 4019.

The trial court specifically found that appellant had willfully disregarded the Rules of Civil Procedure pertaining to discovery and also the two orders which the court itself had entered directing discovery. Indeed, appellant had failed even to attempt to supplement its answers to the interrogatories which were found insufficient by the court in imposing its second order. The court, therefore, found that the plaintiff-appellant had made no attempt to demonstrate good faith. The court also determined that the plaintiff-appellant's failure to supply information was related directly to its averments of non-payment and bad faith on the part of the defendant-appellee and would seriously impair the defendant-appellee's ability to prepare a defense. The court concluded, therefore, that the defendant had been prejudiced by the plaintiff's failure to provide necessary discovery. The court stated:

Twice before imposing this drastic sanction we offered Appellant the opportunity to comply with Appellee's discovery requests; twice Appellant shunned such an opportunity. In light of this conduct and such factors as repeated failure to comply with discovery requests, absence of good faith efforts to comply, disregard of our Orders, and the extent to which Appellee was prejudiced by Appellant's failure to comply with discovery requests, we concluded that dismissal was appropriate and less severe sanctions were inappropriate in this case.

Although the harsh sanction of dismissal should be imposed only under the most extreme circumstances, *Calderaio v. Ross, supra,* a review of the record in this case reveals that the remedy chosen by the trial court was an appropriate exercise of the court's discretion. The appellant's third amended complaint raised issues of liability for breach of contract and bad faith in appellee's business dealings. The specific allegations thereof related to Biehn's

alleged failure to comply with the terms of "written contracts," failure to pay for work completed, failure to properly supervise employees, and failure to provide adequate working conditions. Pride also alleged that Biehn had forced Pride to hire additional unnecessary union laborers which ultimately forced Pride out of business. However, the interrogatories requesting specific information regarding these allegations were answered in vague and general terms.[1] They provided no explanation whatsoever regarding the facts relied upon to support Pride's alleged causes of action. The defendant-appellee's interrogatories had related directly to the allegations contained in the third amended complaint, and the answers thereto were essential to the preparation of a defense.

It appears also that other sanctions available to the court in this case would have achieved the same result. Thus, if the court had stricken those counts as to which the plaintiff-appellant had failed to provide discovery or had refused to receive evidence pertaining thereto, the effect would have been to deny plaintiff the right to pursue the general causes alleged in its complaint.

Appellant has not contended that it provided the discovery which the defendant-appellee requested; neither has it asserted that it was unable to provide the requested information. After the plaintiff-appellant failed to comply with the trial court's first order, the trial court gave appellant a second opportunity to comply. Again, appellant failed to provide the requested discovery. No excuse for this failure has been offered. In view of these circumstances and the difficulty plaintiff demonstrated in alleging with specificity a cause of action, the trial court could conclude, as it apparently did, that the existence of a cause of action

1. For example, one interrogatory asked: "State the method by which Pride Contracting, Inc. calculated lost future profits of over one million dollars." Appellant replied: "An estimate which will be substantiated at trial." Many other interrogatories were answered with the statement "Information already in defendant's possession," or "in accordance with contracts."

was doubtful and that, in any event, plaintiff should not be permitted to proceed further.

■ Appellant's contention that the entry of the court's sanction order without a prior hearing violated due process is likewise meritless. In *Calderaio v. Ross, supra,* the Supreme Court determined that neither notice nor hearing was a necessary prerequisite to the imposition of sanctions pursuant to Pa.R.C.P. 4019. See also: *Griffin v. Tedesco,* 355 Pa.Super. 475, 513 A.2d 1020 (1986). In the instant case, appellant failed to comply with a court order for discovery, a conference was held at which all parties were represented, and a second order for discovery resulting from that conference was ignored. Appellant cannot now be heard to complain that it was not given adequate opportunity to avoid the ultimate dismissal of its complaint for refusal to comply with the Rules of Civil Procedure and the orders of the court.[2]

Order affirmed.

---

**2.** Although appellant does not specifically object to the court's order that Pride pay the costs incurred by Biehn in litigating the issue of sanctions, we note that such order was also within the proper discretion of the trial court. See: *Roman v. Pearlstein, supra.*