HOFFER, J.,
Plaintiffs were tenants at the Carlwynne Manor apartments, Car-lisle, Pennsylvania, through March 1986. During plaintiffs’ tenancy defendant Lauri McDermond was *636 resident manager for a time, and defendant Steve Harper was maintenance supervisor. Defendants Peter DePaul and Eugene DePaul (hereinafter De-Paul Realty Company) own Carlwynne Manor Apartments. Defendant Jeffrey Casper was allegedly a tenant at Carlwynne Manor during plaintiffs’ residence.
According to plaintiffs’ complaint, filed on February 5, 1987, two incidents occurred at the apartment complex on March 10, 1986 which involved harassment and discrimination towards plaintiffs. The incidents involved a verbal confrontation between plaintiffs and Jeffrey Casper, and a discriminatory remark written on the outer wall of plaintiffs’ apartment. Plaintiffs alleged that Jeffrey Casper was responsible for the writing. Defendants Steve Harper, Lauri McDermond and DePaul Realty Company allegedly exacerbated the situation by neglecting to rectify it in some way.
Defendants entered numerous objections to plaintiffs’ complaint, which were argued before this court on June 3, 1987. A final order disposing of these objections was not entered until May 27, 1988, due to procedural difficulties.
Defendants filed an answer with a new matter to plaintiffs’ complaint on July 13, 1988. Shortly thereafter, defendants filed a set of interrogatories and a request for the production of documents on July 20, 1988. Plaintiffs failed to respond to these discovery requests.
On October 26, 1988, defendants filed a motion to compel discovery in an attempt to elicit some response from plaintiffs. This motion went unchallenged by plaintiffs. Thereafter, this court entered an order on March 1, 1989, that plaintiffs comply *637 with defendants’ discovery requests within 30 days. As of this date there has been no response from plaintiffs.
On March 1, 1990, defendants filed a motion for judgment of non pros. The motion was argued by counsel for defendants before this court on April 4, 1990, again with no participation by plaintiffs. Per our request, defendants filed an affidavit that plaintiffs were properly served with defendants’ motion and brief on April 10, 1990.
Plaintiffs have failed to respond to defendants’ discovery requests and have ignored this court’s order of March 1, 1989. Plaintiffs have failed to raise any objection, excuse or rationale for their failure to comply with our mandate or to diligently pursue this case. It is now this court’s duty to determine whether defendants’ motion for non pros should be granted.
DISCUSSION
The sanctions available for various discovery violations are set out in Pa.R.C.P. 4019. Section (c) of the rule provides possible sanctions which can be imposed for reasons set out in section (a) which delineates several discovery violations. Specifically:
“(a)(1) The court may, on motion, make an appropriate order if
“(i) a party fails to serve answers or objections to written interrogatories under Rule 4005; ...”
Section (c) then sets out sanctions which may be imposed:
“(c) The court, when acting under subdivision (a) of this rule, may make
“(1) an order that the matters regarding which the questions were asked, or the character or descrip *638 tion of the thing or land, or ■ the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
“(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;
“(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;
“(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;
“(5) such order with regard to the failure to make discovery as is just.”
Defendants have moved specifically for a judgment of non pros pursuant to Pa.R.C.P. 4019(c)(3), or in the alternative, a dismissal of the complaint with prejudice pursuant to Rule 4019(c)(5), the “catch-all” provision.[1] The imposition of specific sanctions for failure to obey a discovery order is largely within the discretion of the trial court. Feingold v. Philadelphia National Bank, 313 Pa. *639 Super. 579, 460 A.2d 339 (1983); Brunetti v. SEPTA, 329 Pa. Super. 477, 478 A.2d 889 (1984).
Generally, in formulating an appropriate sanction order we must select a punishment which fits the offense. Id. at 482, 478 A.2d at 891. However, we are mandated to examine the issue of possible prejudice suffered by the moving party prior to issuing any order for sanctions by reason of failure to obey discovery orders. Id. at 482, 478 A.2d at 891 (1984). As was noted above, the gravamen of plaintiffs’ complaint involves an alleged incident of harassment occurring on or about March .10, 1986, while plaintiffs were tenants of Carlwynne Manor Apartments. Inhabitants of apartment complexes are often transient. By this time, defendants would have great difficulty contacting other residents who resided at Carlwynne Manor in March 1986. In some instances, it may be impossible for defendants to garner any information from neighboring tenants in order to prepare a defense. Therefore, it is apparent plaintiffs’ delay has prejudiced defendants.
A judgment of non pros is a sanction regarded as a severe penalty which should not be lightly entered. Verbalis v. Verbalis, 286 Pa. Super. 209, 211, 428 A.2d 646, 647 (1981). Bearing this in mind, we must consider the particular circumstances of the case at hand as well as whether any of the other available sanctions are more appropriate.
Plaintiffs have ignored our discovery order for over a year. There has been no activity in this case by plaintiffs since arguments on defendants’ preliminary objections were heard on June 3, 1987. Since that date defendants have argued a motion to compel discovery in October 1987, as well as their current motion for non pros, with no participation by plaintiffs.
*640 We requested defendants provide us with an affidavit that plaintiffs were served a copy of defendants’ motion for non pros and brief. Defendants complied with our request. Plaintiffs must be quite aware of defendants’ activities during plaintiffs’ three-year hiatus. Using the Crimes Code provision that a requirement of willfulness is satisfied by acting knowingly (18 Pa.C.S. §302(g)) as a guideline, it is evident that plaintiffs have willfully disobeyed our discovery order.
Willfulness is not an essential condition precedent to the power to impose a sanction. Roman v. Pearlstein, 329 Pa. Super. 392, 399, 478 A.2d 845, 848 (1984). However, whether the failure to provide information represents a willful disregard of a court order is a factor to be considered in fashioning the severity of a sanction. Pride Contracting Inc. v. Biehn Construction Inc., 381 Pa. Super. 155, 159, 553 A.2d 82, 84 (1989).
Turning to consideration of other available sanctions, set out above, none are practicable in this situation.[2] Plaintiffs have already ignored our order to compel discovery for over a year, and have offered no justification for this failure or objections to the order. Plaintiffs have failed to participate in this litigation for over two years; in so doing, plaintiffs ran a grave risk that sanctions, including a punishment for contempt or judgment of non pros, would be entered against them. Verbalis, supra.
*641 Under the circumstances, a judgment of non pros pursuant to Pa.R.C.P. 4019(c)(3) is most appropriate. The purpose of Rule 4019 is to ensure compliance with proper orders of the court and adequate and prompt discovery of matters followed by the Rules of Civil Procedure. Feingold at 585, 460 A.2d at 343 (1983).
Plaintiffs, through their complete inattention to this litigation, leave us no choice but to grant defendants’ motion for non pros, as it is our duty to ensure prompt procedure within our courts. While this need must be balanced against the substantive rights of plaintiffs, the plaintiffs have offered no objections or rationale for their dilatory behavior. See Brunetti, supra. The circumstances are such that defendants’ motion for a judgment of non pros should be granted.
ORDER OF COURT
And now, August 21, 1990, defendants’ motion for judgment of non pros is granted.

. While a dismissal of a complaint with prejudice is not a sanction specifically provided for by the rule, the “catch-all” provision of Pa.R.C.P. 4019(c)(5) has been interpreted to include dismissal of the complaint with prejudice. Pride Contracting Inc. v. Biehn Construction Inc., 381 Pa. Super. 155, 159, 553 A.2d 82, 83 (1989).

. Defendants moved for dismissal of the complaint with prejudice as an alternative to a judgment of non pros. The option of dismissing a complaint has been recognized as “the defendant’s counterpart to a plaintiff’s default judgment . . . [and is] seldom, if ever, appropriate.” Feingold v. Philadelphia National Bank, 313 Pa. Super. 579, 584, 460 A.2d 339, 342 (1983). As we deem non pros appropriate, we need not discuss this option any further.