## Ruby v. Delta International Machinery Corp.

C.P. of Lackawanna County, no. 97-CV-5248.

*Randy P. Wendolowski* and *William M. Blaum*, for plaintiffs.

*Timothy E. Foley* and *Daniel E. Cummins*, for defendants

MINORA, *J.,* November 17, 2000—Currently before the court come the plaintiffs seeking to dismiss defendants' objections to subpoenas upon non-parties, and to compel this court to award sanctions to the plaintiffs and/ or hold the defendants in contempt. Plaintiffs initially brought suit to recover damages after plaintiff John Ruby was injured using a table saw designed, manufactured and sold by defendants. At issue is whether plaintiffs' motion to dismiss objections of defendants to subpoe-

nas of non-parties should be granted if the subpoenas in question were properly issued; and whether plaintiffs are entitled to sanctions and/or contempt for defendants' alleged failure to produce discovery. Arguments on these issues were heard before this court on September 26, 2000. Both parties have subsequently submitted their respective briefs, and the matter is now ripe for decision. For reasons discussed below, we find that the defendants' objections to the subpoenas were properly raised. However, because the subpoenas were properly issued, the objections must be denied. Therefore, plaintiffs' motion to dismiss objections of defendants must be granted. We also find that plaintiffs are not entitled to sanctions and/ or contempt at this time. Accordingly, plaintiffs' motion to dismiss objections of defendants Delta International Machinery Corporation and Invicta Delta to subpoenas upon Aetna Insurance Company and Constitution State Service Company is granted and plaintiffs' motion for sanctions and/or contempt is denied.

## FACTUAL HISTORY

John and Laura Ruby, plaintiffs, brought this products liability action against the defendants alleging that plaintiff John Ruby was injured while operating a table saw. Plaintiff John Ruby purchased a saw from defendant Snee & Sunday Company. The saw was designed, manufactured and sold by Defendant Delta International Machinery Corporation. (Hereinafter "defendants" refer to Delta International Machinery Corporation and Invicta Delta.) On November 7, 1995 plaintiff John Ruby alleges that he received several injuries including lac-

erations to the left thumb, index finger and middle finger while operating the saw. The plaintiffs brought counts alleging negligence, strict liability, breach of warranty and punitive damages.

On January 28, 1998, plaintiffs served defendants with interrogatories and request for production. On April 22, 1998, plaintiffs filed a motion to compel for defendants to respond to said request. On that same day this court rendered an order mandating defendants to respond. On July 22, 1998, defendants were served with a second set of interrogatories and request for production. On December 29, 1998, plaintiffs filed another motion to compel the second request. On that same day this court issued another order requiring defendants to respond. On February 18, 1999, plaintiffs filed a motion to compel alleging that defendants' responses to both requests were incomplete. On that same day a rule was effectuated that defendants had until March 12, 1999 to answer. Defendants replied to said request and the matter went before this court on oral arguments. On December 23, 1999, Judge Minora issued an order requiring defendants to provide a complete set of answers to plaintiffs' and second sets of interrogatories and requests for production, provide any information on any prior accidents, provide any information on alternate guard designs, provide any documents regarding the sale of interest in Invicta-Maqinas Para Madeira Ltda. Plaintiffs allege that defendants did not fully comply with this court order. On July 17, 2000, Judge Nealon issued a rule on defendants, Delta International Corporation and Invicta Delta to file and answer to plaintiffs' petitions, and if an answer is timely filed, a hearing shall be held July 26, 2000.

The plaintiffs presented a notice to serve subpoenas on the Aetna Insurance Company and Constitution State Service Company of Hartford, Connecticut seeking information from their files. The defendants filed objections to these subpoenas on grounds that the subpoenas were improperly issued because the subpoenaed non-parties were outside of the Commonwealth of Pennsylvania, and that the offices of the non-parties within Pennsylvania do not possess the documents requested in discovery. Plaintiffs have filed a motion to dismiss the objections of defendants to these subpoenas. Plaintiffs have also filed a motion for sanctions and/or contempt.

## DISCUSSION

### *I. Plaintiffs' Motion To Dismiss Objections of Defendants to Subpoenas Upon Aetna Insurance Company and Constitution State Service Company*

### A. Issuance of Subpoenas

The issuance of subpoenas is governed by 42 Pa.C.S §5905, and states,

"Every court of record shall have power in any civil or criminal matter to issue subpoenas to testify, with or without a clause of duces tecum into any county of this Commonwealth to witnesses to appear before this court or any appointive judicial officer. Subpoenas shall be in the form prescribed by general rules." 42 Pa.C.S §5905.

Pa.R.C.P. 4009.21(a) requires that, "A party seeking production from a person not a party to the action shall give written notice to every other party of the intent to

serve a subpoena at least 20 days before the date of service. A copy of the subpoena proposed to be served shall be attached to the notice." Pa.R.C.P. 4009.21(a). Under Pa.R.C.P. 4009.21(c) "[a]ny party may object to the subpoena by filing of record written objections and serving a copy of the objections upon every other party to the action." Pa.R.C.P. 4009.21(c). Pa.R.C.P. 4009.21(d)(1) states, "If objections are received by the party intending to serve the subpoena prior to its service, the subpoena shall not be served. The court upon motion shall rule upon the objections and enter an appropriate order." Pa.R.C.P. 4009.21(d)(1).

## B. Plaintiffs' Argument

Plaintiffs request that this court deny and dismiss the objections to subpoena posited by defendants to the Aetna Insurance Company and Constiution State Service Company. Plaintiffs argue that the subpoenas are necessary because of defendants' alleged continual refusal to provide the information requested and ordered by this court.

Plaintiffs argue that defendants have not identified sufficient facts to support either of their objections in this case. Plaintiffs submit that the objections are merely conclusory statements that the courts of this Commonwealth are powerless, and that defendants have properly responded to discovery requests. Plaintiffs contend that the party setting forth objections has the burden of proof to not only establish the viability of an objection, but also to set forth facts that are sufficient to support that objection. Plaintiffs submit that defendants have failed to allege any specific facts regarding their objections,

and that the objections should be dismissed on this basis alone.

Plaintiffs submit that the supoenas are intended to be served upon entities other than the defendants. Plaintiffs argue that defendants do not have standing to object to the subpoenas at issue on the basis of the purported procedural deficit. Plaintiffs submit that if the insurance companies themselves felt this was an issue, then they would have standing to bring forth objections. Plaintiffs contend that defendants have absolutely no basis to object to the subpoenas and should be dismissed by this court.

Plaintiffs argue that 42 Pa.C.S.§5905 does not specifically preclude the issuance of subpoenas on out-of-state entities. Plaintiffs assert that 42 Pa.C.S. §5905 merely provides powers to county courts to issue subpoenas. Plaintiffs contend that defendants' reliance on 42 Pa.C.S §5905 is misplaced, and that 42 Pa.C.S. §5905 does not preclude this court from issuing subpoenas in this case.

A tribunal of this Commonwealth may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action or other matter arising from such person [by] transacting business in this Commonwealth. 42 Pa.C.S. §5322(a)(1). Plaintiffs argue that personal jurisdiction of both Aetna Insurance Company and Constitution State Service Company lies within the Commonwealth of Pennsylvania because each entity has taken affirmative steps to register with an agency of the Commonwealth of Pennsylvania. Plaintiffs submit that Aetna Insurance Company has obtained a certificate of authority to do business in Pennsylvania as required by

section 46 of the Insurance Act.[1] Plaintiffs also submit that Constitution State Service Company is registered to do business and is qualified to do business in Pennsylvania. Plaintiffs argue that even if 42 Pa.C.S. §5905 precluded service on out-of-state entities, that preclusion would not apply here because both insurance companies are, for purposes of personal jurisdiction, residents of Pennsylvania and can be served within the boundaries of Pennsylvania.

## C. Defendants' Position in Opposition

The defendants have raised two objections. First, the defendants assert that the subpoenas issued by the Court of Common Pleas of Lackawanna County are powerless outside the Commonwealth of Pennsylvania under 42 Pa.C.S. §5905. Secondly, the defendants assert that the discovery requests were properly responded to by the defendant.

Defendants submit that 42 Pa.C.S. §5905 specifically limits the court's power to issue subpoenas to witnesses in any county of this Commonwealth. Defendants assert that plaintiffs' argument that defendants are without standing to raise this issue is devoid of merit. Defendants contend that plaintiffs' effort to have this court issue a subpoena upon a foreign entity is not permissible no matter who raises the issue. Defendants assert that

---

1. The Insurance Act states in pertinert part, "No insurance company, association, or exchange of another state or foreign government shall do an insurance business within this Commonwealth without first having obtained a certificate of authority from the insurance commissioner authorizing such company, association or exchange to do business." 40 P.S. §46(a).

plaintiffs have offered no evidence to support their contention that the insurance companies to which subpoenas were forwarded are Pennsylvania residents. Defendants assert that plaintiffs'argument that the plaintiffs can serve subpoenas upon a Pennsylvania entity, presumed to be capable of receiving such service on behalf of a foreign entity which actually possesses the desired documents, is nothing more than an attempt to circumvent 42 Pa.C.S. §5905. Defendants submit that the court cannot issue the subpoenas as requested by the plaintiffs.

Defendants argue that their objections are supported by the fact that the defendants have previously produced appropriate responses to the plaintiffs' discovery requests. Defendants contend that plaintiffs' argument on the issue of collateral estoppel is misplaced. Defendants submit that plaintiffs' argument that the court's order of August 23, 1999, which noted that the objections raised by the defendants to the first and second set of plaintiffs' interrogatories and first and second set of request for production of documents are waived leads to the conclusion that the defendants are now powerless to submit objections to the subpoenas in this matter is devoid of merit as the subpoenas constitute a distinct and separate discovery request from those discovery requests covered by the court's August 23, 1999 order. Defendants contend that they filed the appropriate objections to the plaintiffs' subpoenas under the applicable Rules of Civil Procedure.

Defendants request that this court deny the plaintiffs' motion to dismiss objections of the defendants to subpoenas upon Aetna Insurance Company and Constitu-

tion State Service Company, even if the subpoenas are served upon affiliated entities within the Commonwealth of Pennsylvania presumed to be capable of receiving such service of subpoenas, because the desired documents are in the possession of a foreign entity and not in the possession of the entity served.

Although defendants have properly raised objections to the subpoenas under Pa.R.C.P. 4009.21(c), the subpoenas were validly issued under 42 Pa.C.S §5905. Therefore, the plaintiffs can seek production of discovery from non-parties, Aetna Insurance Company and Constitution State Service Company.

## II. Plaintiffs' Motion for Sanctions and/or Contempt

### A. Award of Sanctions and Contempt

Pa.R.C.P. 4019 governs the award of sanctions and states, "The court may, on motion, make an appropriate order if a party or person otherwise fails to make discovery or to obey in order of court respecting discovery." Pa.R.C.P. 4019(a)(1)(viii). Rule 4019(a) of the Pennsylvania Rules of Civil Procedure authorizes the imposition of sanctions for failure to comply with discovery orders. *Steinfurth v. LaManna*, 400 Pa. Super. 384, 388, 590 A.2d 1286, 1288 (1991). When a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules. *Id.* citing *Pride Contracting Inc. v. Biehn Construction Inc.*, 381 Pa. Super. 155, 553 A.2d 82 (1989). There are several factors that must be considered when a discovery sanction is imposed. *Id.* The first factor to consider is

the party's failure in light of the prejudice caused to the opposing party and whether the prejudice can be cured. *Id.* A second factor to be examined in reviewing a sanction is the defaulting party's willfulness or bad faith in failing to comply with the discovery order, *i.e.,* the merits of their excuse. *Id.* The third factor to consider is the number of discovery violations because repeated discovery abuses are disapproved. *Id.* The final factor is the importance of the precluded evidence in light of the failure. *Id.* at 1289. See also, *Grunde v. Huff,* 433 Pa. Super. 94, 100-101, 639 A.2d 1227, 1230 (1994).

Pa.R.C.P. 4019(c)(3) provides in pertinent part, "The court . . . may make an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience." Pa.R.C.P. 4019(c)(3).

B. Plaintiffs' Argument for Sanctions and/or Contempt

Plaintiffs filed a motion for sanctions and/or contempt against the defendants Delta International Machinery Corporation and Invicta Delta. In said motion, plaintiffs contended that the defendants should be held in contempt and/or sanctioned by this court by entering the following orders against defendants: (1) A judgment of non pros pursuant to Pa.R.C.P. 4019(c)(3). (2) A finding that the saw at issue was unreasonably dangerous and/or defective and/or Defendants were negligent in designing, manufacturing and/or distributing the saw and/or that defendants' design, manufacture, and/or distribution of the saw breached the applied warranty of merchantability such that the only issue to be decided at trial is the

compensatory and punitive damages to be rendered against the defendants. (3) Prohibiting defendants from presenting evidence and/or testimony at trial to contradict plaintiffs' assertions that the saw was unreasonably dangerous and/or defective, and that the defendants were negligent in its design, distribution, manufacturing of the saw at issue. (4) Striking defendant's new matter pursuant to Pa.R.C.P. 4019(c)(3). (5) Compelling defendants to provide any and all information pursuant to the court's March 29, 2000 order including the following: Correspondence, records, documents, pleading, depositions, statements, complaints, claim notes, insurance correspondence, judgments, settlement agreements, releases, evidence of payment, expert reports, curriculum vitae of experts, product literature, inspections, any and all documents concerning any response the defendants have made to the Consumer Safety Council regarding any injury, accident, claim and/or lawsuit and/or testimony. (6) That the requested information be provided within 10 days of this court's order. (7) That an additional hearing be scheduled 14 days from this court's order to determine whether defendants have complied with the court's order. (8) That defendants reimburse plaintiffs for counsel fees expended in presenting and furthering this motion. (9) That defendants be held in contempt of court. (10) That the defendants be assessed a daily fine and/or penalty for every day after March 29, 2000 until they fully comply with the court's order. (11) Such other relief that the court deems appropriate.

In plaintiffs' brief for sanctions and/or contempt, plaintiffs submit that defendants be held in contempt of court. Plaintiffs request that a daily fine and/or penalty be as-

sessed against defendants on or after March 29, 2000 until defendants fully and completely comply with this court's order, that defendants reimburse plaintiffs for attorney fees in drafting and pursuing two motions to compel, two motions for contempt/sanctions and the present motion. Plaintiffs further submit that plaintiffs are entitled to an order sanctioning the defendants. Plaintiffs contend that they are entitled to an order of non pros against defendants in that a finding be made that defendants are liable to plaintiffs in this matter such that the only issues to be addressed at trial are compensatory and punitive damages pursuant to Pa.R.C.P. 4019(c). In the alternative, plaintiffs submit that defendants should be precluded from bringing forth any defenses in this matter, or contesting liability in this case with an appropriate order, including but not limited to an order striking out portions of defendants' pleadings and/or making specific findings regarding the unreasonably dangerous nature of the product at issue, negligence and/or liability of defendants and/or precluding defendants from contesting any liability issue in this case by way of presenting evidence, testimony including but not limited to expert opinions and/or any other sanction that this court deems necessary.

## C. Defendants' Position in Opposition

Defendants request that this court deny plaintiffs' motion for contempt and/or sanctions and to enter an order awarding reasonable expenses, including attorney's fees incurred by defendants in opposing plaintiffs' motion, in favor of the defendants. Pa.R.C.P. 4019(g)(2) states,

"If the motion for sanctions is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substanially justified or that other circumstances make an award of expenses unjust." Pa.R.C.P. 4019(g)(2).

Plaintiffs' relief requested in the motion as to production of documents is moot at this time following an order issued by Judge Minora on October 10, 2000. The order requires Delta Machinery Corporation to make available for inspection, copying and review any files, documents, records and/or information with regard to the list, which has previously been provided by defendant within 90 days. The order preserves jurisdiction of the motion to produce with Judge Minora, and that Judge Minora will entertain a motion for sanctions if either side is dissatisfied with the production request

### III. Conclusion

For reasons discussed above we find that the defendants' objections to the subpoenas were properly raised, however, the subpoenas were properly issued.

Therefore, plaintiffs' motion to dismiss objections of defendant must be granted. We also find that plaintiffs are not yet entitled to sanctions and/or contempt at this time. Accordingly, plaintiffs' motion to dismiss objections of defendants Delta International Machinery Corporation and Invicta Delta to subpoenas upon Aetna Insurance Company and Constitution State Service Com-

pany is granted, and plaintiffs' motion for sanctions and/or contempt is denied.

An appropriate order consistent with the reasoning of this memorandum follows.

## ORDER

And now November 17, 2000, it is hereby ordered and decreed that the plaintiffs' motion to dismiss objections of defendants to subpoenas upon Aetna Insurance Company and Constitution State of Service Company is granted; and plaintiffs' motion for sanctions and/or contempt is denied.