## Fonzone v. Bishop

154

C.P. of Northampton County, no. C0048CV2000000-2435.

*Jo Ann Fonzone,* pro se.
*Robertson B. Taylor,* for defendant.

PANELLA, *J.,* February 14, 2003—

STATEMENT OF REASONS

I. *Discussion*

This matter is before the court on cross-motions for sanctions pursuant to Pennsylvania Rule of Civil Procedure 4019. The matter was remanded from our Superior Court for a hearing on the dual motions for sanctions. Our Superior Court vacated this court's order of December 21, 2002, directing the entry of judgment in favor of defendant, Angeline Bishop and against plaintiff, Jo Ann Fonzone due to plaintiff's lack of opportunity to oppose the entry of the judgment of December 21, 2001. In remanding the case to this court, the Superior Court stated "our adjudication does not preclude the dismissal of appellant's claim or the imposition of any appropriate lesser penalty after hearing on remand." The matter was scheduled for a hearing on the miscellaneous list of December 20, 2002. A hearing was held before the undersigned at that time. In attendance were Jo Ann Fonzone, pro se and Robertson Taylor, Esquire on behalf of Angeline Marie Bishop. The matter was placed on the argument list of January 21, 2003, for disposition.

The imposition of sanctions for failing to comply with a court's discovery order is authorized by Pennsylvania Rule of Civil Procedure 4019(a). The sanctions permitted are enumerated in Pa.R.C.P. 4019(c) as follows:

"(c) The court, when acting under subdivision (a) of this rule, may make

"(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

"(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;

"(5) such order with regard to the failure to make discovery as is just." See also, *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 553 A.2d 82 (1989).

Although dismissal of the complaint with prejudice is not a sanction specifically provided for by the rule, the "catch-all" provision of Pa.R.C.P. 4019(c)(5) has been interpreted to include dismissal of the complaint with prejudice. *Id.;* see also, *Feingold v. Philadelphia National Bank,* 313 Pa. Super. 579, 583, 460 A.2d 339, 341 (1983).

The decision whether to sanction a party for a discovery violation and the severity of such a sanction are matters vested in the sound discretion of this court. *The Philadelphia Contributionship Insurance Company v. Shapiro,* 798 A.2d 781 (Pa. Super. 2002); *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corp.,* 797 A.2d 269, 286 (Pa. Super. 2002). The specific sanction to be imposed under Pa.R.C.P. 4019(c) is also within our discretion. *Pride Contracting, supra,* 381 Pa. Super. at 159, 553 A.2d at 83.

Dismissal of the action is the most severe sanction, it should be imposed only in extreme circumstances. *Ghaner v. Bindi,* 779 A.2d 585 (Pa. Super. 2001). We are required to balance the equities carefully and dismiss only where the violation is willful and the opposing party has been prejudiced. *Stewart v. Rossi,* 452 Pa. Super. 120, 125, 681 A.2d 214, 217 (1996). To determine whether dismissal is appropriate as a discovery sanction under this standard, our Superior Court has mandated that the following factors be considered: (1) the nature and severity of the discovery violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply. *Croydon Plastics Co. Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625, 629 (Pa. Super. 1997).

We have reviewed the record in the present case and it is clear that in the exercise of our judicial discretion, the appropriate sanction, dismissal of the action, is a "punishment which 'fits the crime.' " *Hein v. Hein,* 717 A.2d 1053, 1056 (Pa. Super. 1998). The record clearly reflects that plaintiff, Jo Ann Fonzone, did not simply violate a

single rule of procedure. Rather, she engaged in a pattern of conduct over a 21-month period, which included: ignoring discovery requests and interrogatories, missing deadlines, even where defendant agreed to allow extensions, and disobeying court orders to comply. These discovery violations, set forth in detail below, were of a nature and severity that warrant dismissal.

## II. *Findings of Fact*

(1) Plaintiff, Jo Ann Fonzone, was allegedly injured in a motor vehicle accident which occurred on April 21, 1998, in Bethlehem, Pennsylvania. Plaintiff was rear-ended by a motor vehicle being operated by defendant, Angeline Bishop.

(2) Plaintiff commenced this suit by writ of summons on April 19, 2000, two days before the expiration of the statute of limitations. (N.T., 12/20/02 at 3.)

(3) On or about August 8, 2000, defendant, by and through her attorney, Michael Shay, served expert interrogatories and request for production of documents on plaintiff's counsel Jim Rawlings, Esquire. (N.T., 12/20/02 at 3.)

(4) On August 18, 2000, a rule to file a complaint was served on plaintiff. (N.T., 12/20/02 at 3.)

(5) Upon notice of a potential conflict due to plaintiff's prior consultation with the law partner, Michael Shay, Esquire, withdrew his appearance on behalf of defendant. Robertson Taylor, Esquire, entered his appearance on behalf of defendant on or about November 14, 2000, and requested the filing of plaintiff's complaint,

pursuant to the August 18, 2000 rule which had been served on plaintiff.

(6) Counsel for plaintiff, Jim Rawlings, Esquire, requested an extension of time for plaintiff to file her complaint so that he could petition the court to withdraw as plaintiff's counsel. (N.T., 12/20/02 at 3.)

(7) On or about February 1, 2001, the Honorable Robert A. Freedberg P.J., of this court entered an order granting Jim Rawlings, Esquire, permission to withdraw and ordering plaintiff to secure new counsel on or before February 21, 2001. (N.T., 12/20/02 at 3.)

(8) On or about February 20, 2001, plaintiff Jo Ann Fonzone, pro se, responded to the rule to file a complaint of August 18, 2000, by hand delivering her pro se complaint to defense counsel, Robertson Taylor at 12 East Market Street, Bethlehem, Pennsylvania. (N.T., 12/20/02 at 3.)

(9) On February 28, 2001, defendant filed her answer and new matter to plaintiff's complaint and served additional interrogatories and request for production of documents on plaintiff, Jo Ann Fonzone, by United States Mail, Postage Prepaid to 1887 Redwood Drive, Whitehall, Pennsylvania. (N.T., 12/20/02 at 4.)

(10) On March 28, 2001, plaintiff hand delivered a response to defendant's February 28, 2001 discovery requests. To date, no response has been received to defendant's August 8, 2000 discovery requests sent by Michael Shay, Esquire. (N.T., 12/20/02 at 4.)

(11) Plaintiff's responses to defendant's discovery requests were unverified, incomplete and unresponsive in

contravention of Pennsylvania Rules of Civil Procedure 4005 and 4009.1. (N.T., 12/20/02 at 4.)

(12) On April 13, 2001, Anthony Vellner, Esquire, entered his appearance on behalf of plaintiff, Jo Ann Fonzone. (N.T., 12/20/02 at 4.)

(13) On April 19, 2001, Attorney Vellner requested a continuance of a judicial status conference. (N.T., 12/20/02 at 4.)

(14) On May 1, 2001, after only 31 days representing plaintiff, Attorney Vellner filed a motion to withdraw as counsel for plaintiff. (N.T., 12/20/02 at 4.)

(15) On May 31, 2001, no action having been taken on Attorney Vellner's motion to withdraw, Robertson Taylor, Esquire, filed defendant's motion to compel plaintiff's discovery requests on Attorney Vellner. (N.T., 12/20/02 at 4.)

(16) On May 31, 2001, Attorney Vellner forwarded via certified mail, defendant's motion to compel plaintiff's response to discovery to plaintiff, Jo Ann Fonzone. (N.T., 12/20/02 at 4.)

(17) On June 4, 2001, by order of court signed by the Honorable F.P. Kimberly McFadden of this court, Attorney Vellner was granted leave of court to withdraw as counsel and plaintiff was granted 30 days to notify this court and defense counsel of acquiring new counsel. (N.T., 12/20/02 at 4-5.)

(18) On June 5, 2001, defendant's motion to compel discovery was granted. By order of court signed by the Honorable Alfred T. Williams, plaintiff was directed to provide *full and complete verified answers* to defendant's discovery requests, specifically, answers to defendant's

first set of interrogatories nos. 4A, 9A-D, 10A-D, 11, 12, 13, 16, 18, 19, 21-27, 38, 39-44; answers to expert interrogatories; and responses to defendant's request for production of documents within 10 days, June 15, 2001. (N.T., 12/20/02 at 5.)

(19) On June 21, 2001, defendant sent a letter to plaintiff, certified mail, return receipt requested, along with copies of requests for production of documents, Judge William's order of June 5, 2001, and a motion for sanctions. Defendant's counsel notified plaintiff that he would file the enclosed motion for sanctions on June 28, 2001, absent full and complete discovery as per the June 5, 2001 order of court. (N.T., 12/20/02 at 5.)

(20) The return receipt for the certified mail was signed by Jo Ann Fonzone on June 28, 2001. (N.T., 12/20/02 at 6.) Plaintiff testified that it was her signature on the return receipt card. (N.T., 12/20/02 at 6.)

(21) On June 28, 2001, upon motion of defendant, the action was dismissed, with prejudice, by the Honorable Isaac Garb, visiting senior judge, pursuant to defendant's motion for sanctions. (N.T., 12/20/02 at 7.)

(22) On July 5, 2001, the Honorable Alfred T. Williams vacated Judge Garb's order of June 28, 2001, dismissing the action. The court found credibility in plaintiff's claim that she never received notice of the June 5, 2001 order compelling her to provide full and complete answers. (N.T., 12/20/02 at 7.)

(23) On July 5, 2001, Judge Williams issued a new order compelling plaintiff to comply with the June 5, 2001 order and respond to defendant's interrogatories

and discovery requests within 10 days, July 15, 2001. (N.T., 12/20/02 at 7.)

(24) On July 7, 2001, plaintiff hand delivered a second set of answers to interrogatories and requests for production of documents to defense counsel's office. Plaintiff submitted the same answers to the same interrogatories that Judge Williams had scrutinized and ordered plaintiff to verify and provide full and complete responses to in his order of June 5, 2001. Plaintiff was already under an order of this court compelling her to provide full, complete, verified and responsive answers to interrogatories nos. 4A, 9A-D, 10A-D, 11, 12, 13, 16, 18, 19, 21-27, 38, 39-44; answers to expert interrogatories; and responses to defendant's request for production of documents. However, plaintiff chose to submit the same responses she had previously submitted. The responses were the same ones which provoked the initial motion to compel. (N.T. 12/20/02 at 7.)

(25) Defendant subsequently filed another motion for sanctions on December 7, 2001, for plaintiff's failure to comply with Judge Williams' order dated June 5, 2001. Plaintiff failed to supplement her responses to those interrogatories and requests for production of documents. Plaintiff contends that she hand-delivered supplement discovery responses to counsel for defendant on July 6, 2001. Accompanied with the discovery responses was approximately 350 voluminous documents. (N.T., 12/20/02 at 7.)

(26) On that same date, December 7, 2001, plaintiff filed a cross-motion for sanctions, alleging that it was defense counsel who was abusing the discovery rules

and that defendant's motion for sanctions was filed in bad faith and for purposes of harassment and delay.

(27) On December 7, 2001, defendant's motion for sanctions was presented to the Honorable James C. Hogan of this court. Judge Hogan's order required compliance with the order of June 5, 2001 within 10 days. Judge Hogan provided that upon failing to comply, the matter was to be dismissed pursuant to Pa.R.C.P. 4019(c)(2). The order was to be self-executing. (N.T., 12/20/02 at 7.) Plaintiff was present at this hearing.

(28) Defense counsel, on December 21, 2001, moved for dismissal pursuant to the December 7, 2001 order anticipating dismissal of the action. Plaintiff, pro se, did not appear at the hearing before the undersigned and judgment was entered against plaintiff, Jo Ann Fonzone for her noncompliance.

(29) On January 18, 2002, plaintiff, Jo Ann Fonzone, by and through her new counsel, Joseph R. Viola, Esquire, filed a notice of appeal to the Superior Court. Plaintiff appealed the order dated December 21, 2001 entering judgment in favor of defendant, Angeline Marie Bishop, and against the plaintiff, Jo Ann Fonzone.

(30) In her appeal, plaintiff complained that she was not provided with a copy of the proposed order which was to be presented to the court on December 21, 2001, in violation of Northampton County Rule N206 which requires three days notice. Defense counsel contended he had complied with this notice requirement by the dispatch of certified mail on December 18, 2001. Plaintiff stated that she did not learn of the notice until she went to the post office on December 31, 2001, 10 days after

the hearing. The Superior Court stated that "we are constrained to conclude that appellant did not receive proper notice of the hearing on December 21, 2001."

(31) The Superior Court filed its memorandum opinion on August 12, 2002, vacating the judgment entered on December 21, 2001, and remanded the case to this court for further proceedings.

(32) In remanding the case to this court, our Superior Court noted that "it is clear from the record that appellant has been a delinquent litigator." There is a "long history of delinquency and uncertainty of counsel, in plaintiff's pursuit of her claim."

(33) Upon remand to this court, Joseph R. Viola, Esquire filed a petition to withdraw his appearance on behalf of plaintiff on October 11, 2002. In his petition, Attorney Viola sought permission to withdraw based upon a "rambling and abusive two-page letter" he received from plaintiff on September 24, 2002.[1] In her letter, plaintiff expressed her apparent dissatisfaction with his "performance" at the scheduling conference of September 20, 2002, before the undersigned, and accused Attorney Viola of a "conflict of interest" created by his purported friendship with counsel for Ms. Bishop, Robertson Taylor, Esquire. In fact, Attorney Viola had never met or personally communicated with Mr. Taylor prior to the conference. This was the third time that plaintiff had made unwarranted and unsupportable accusations against her attorney.[2]

---

1. A copy of the letter was attached to the petition to withdraw as exhibit D.

2. Plaintiff's two attorneys prior to Attorney Viola had asked for permission to withdraw because of her behavior.

(34) On December 6, 2002, the undersigned granted Attorney Viola's petition to withdraw his appearance on behalf of plaintiff. Plaintiff did not object to the issuance of this order of court.

## III. *Conclusion*

In conclusion, to this date, plaintiff has failed to comply with Judge Williams' order of June 5, 2001, and Judge Hogan's order of December 7, 2001. Plaintiff, Jo Ann Fonzone, contends that she substantially complied with the orders by producing voluminous records to defense counsel. However, plaintiff's responses to interrogatories nos. 4A, 9A-D, 10A-D, 11, 12, 13, 16, 18, 19, 21-27, 38, 39-44; answers to expert interrogatories; and responses to defendant's request for production of documents still remain unresponsive, unverified and incomplete.[3] Defendant has been severely disadvantaged in this litigation because she cannot attempt to bring this matter to a resolution without the cooperation and information requested of plaintiff. Plaintiff's failure to respond has been unjustified and her willful noncompliance has caused additional costs to defendant. Most importantly, defendant has been severely prejudiced in preparing her defense by plaintiff's noncompliance. It is for these reasons, that we impose the most "severe sanction" on plaintiff, dismissing her lawsuit. We have balanced the equi-

3. We note that at the hearing on December 20, 2002, Robertson Taylor, counsel for the defendant, Angeline Bishop read into evidence all of the interrogatories and requests for production of documents submitted to plaintiff and her responses thereto. The record reflects that her responses were unverified, unresponsive to the questions asked and wholly incomplete.

ties, and conclude that plaintiff's violation of the discovery rules is willful and defendant has been prejudiced. We find no merit to plaintiff's motions for sanctions because all of the action taken by the defense has been solely to obtain relevant, discoverable information.

## ORDER

And now, February 14, 2003, upon consideration of the cross-motions of defendant, Angeline Marie Bishop and plaintiff, Jo Ann Fonzone, for sanctions pursuant to Pa.R.C.P. 4019, it is hereby ordered and decreed that plaintiff's motion is denied and defendant's motion for sanctions is granted. The above-captioned civil action is dismissed, with prejudice, for the reasons set forth herein.